*A. F. Denny,* for appellant.

*J. E. Heller, J. T. Dye,* and *A. C. Harris,* for appellees.

---

## Root *v.* Moriarty.

JUDGMENT.—*Statute of Limitations.*—A. contracted to do certain work in the improvement of a street of a city; B. was his surety on a bond for the performance of the work.  Afterward, in a suit of A. against B., it was adjudged that B. should pay and satisfy all indebtedness of A. on account of said improvement.

*Held,* that A., to whom certain claims for labor done in making said improvement had been assigned, could maintain a suit against B. on said claims.

*Held,* also, that by the judgment in said suit of A. against B., the claims assigned to A. became the debts of B., and no longer the debts of A.

*Held,* also, that the action of A., on the claims assigned to him, against B., was upon the former judgment of A. against B., and was not, therefore, barred by the statute of limitations, although the accounts for work and labor upon which the claims were based accrued more than six years before suit.

APPEAL from the Marion Circuit Court.

DOWNEY, J.—Suit by the appellee against the appellant. There were issues formed, a trial by the court, and finding and judgment for the plaintiff.  Two errors are assigned in this court by the appellant; first, the insufficiency of the complaint; and second, the refusal of the court to grant him a new trial.  The complaint is as follows:

"Patrick Moriarty complains of Deloss Root, Michael O'Conner, Thomas Shehane, John Shay, and Michael O'Conner, Jr., and says that heretofore, to wit,——, he became indebted to Michael O'Conner in the sum of fifteen dollars and seventy-five cents, to Thomas Shehane in the sum of fifteen

Root v. Moriarty.

dollars and fifty-two and one-half cents, to John Shay in the sum of seventeen dollars and ten cents, and to Michael O'Conner, Jr., in the sum of twenty-five dollars, for work and labor done at his request on the improvement of East street, in the city of Indianapolis, under a contract between the said Patrick Moriarty and the common council of the city of Indianapolis, on which the said Deloss Root was surety; and that thereafter, to wit, at the September term of the Marion Circuit Court, the said Moriarty brought suit against the said Deloss Root, wherein, on full hearing, it was awarded and decreed that said Deloss Root should pay and satisfy all indebtedness on account of the improvement of East street, in the said city of Indianapolis, whereby said indebtedness of said Moriarty, incurred on account of said work and labor done as above set forth, was transferred to said Deloss Root. It is then alleged that said O'Conner, Shehane, Shay, and O'Conner, Jr., for value received, transferred said claims to said plaintiff, by which said Root had become indebted to him in the several sums above set forth, all of which remain unpaid, amounting in all to seventy-three dollars and thirty-seven and one-half cents, for which the plaintiff asks judgment."

The objection urged against the complaint is thus stated in the brief of counsel for the appellant: "The complaint shows that said accounts were originally the debts of the plaintiff to the assignors, respectively, and that in a certain proceeding in the Marion Circuit Court it was decreed that the defendant should pay all the plaintiff's indebtedness of a certain class, which included said assigned accounts, and that afterward said accounts were assigned to the plaintiff. The decree of the circuit court, although it may make defendant Root liable to pay said accounts, does not release the plaintiff Moriarty therefrom. The assignors might have sued Moriarty at any time, notwithstanding said decree. This being the case, and the assignors having assigned their debts to their debtor, it, in law, operates as a release or extinguishment of the debt. The debt being released or ex-

tinguished is no longer a cause of action against any one. The complaint in the case, then, shows that the claims sued on were, by the original creditors, assigned to their debtor, and for this reason we say that the complaint contains no sufficient cause of action."

We think that there is but one reason why this reasoning of counsel for the appellant is not conclusive, and that is, that as, by the judgment of the circuit court, Root was adjudged and required to pay these debts, they, by virtue of that judgment, as between Root and Moriarty, became the debts of Root, and no longer the debts of Moriarty. In consequence of that judgment, Root is not now at liberty, as between him and Moriarty, to say that the debts are the debts of Moriarty, and not of himself. It is by virtue of the judgment that Root is liable to pay these debts. But for that, as the contracts were made with, and the services rendered for, and at the request of, Moriarty, Root would not be bound to pay them. We think the complaint is sufficient. But it is insisted that the action was barred by the statute of limitations, which was pleaded. The action was commenced April 7th, 1868, and the work was done in 1859 or 1860. If, therefore, the action was based on the accounts for work alone, there seems no doubt but that it would be barred by the statute of limitations requiring actions in such cases to be commenced within six years after the cause of action has accrued. 2 G. & H. 156, section 210. But we think we must regard the action as founded upon the judgment, and as not, therefore, barred in six years. As we have already stated, if it was not for the judgment, there would be no obligation upon Root to pay these debts, nor any cause of action in the complaint. Again it is claimed that the action is not prosecuted in the name of the real party in interest. This position is based on the fact that there was some evidence tending to show that the claims, or some of them, were assigned to Moriarty for the purpose of enabling him to collect them merely, and not because he was to become thereby the owner of them. The

assignors were made parties, as required by the code in such cases, to answer as to their interest in the claims. 2 G. & H. 38, sec. 6. They do not controvert the fact of the assignment, and we see no reason why, in this case, the alleged debtor, Root, should be allowed to do so.

We do not discover any error in the record for which the judgment should be reversed.

The judgment is affirmed, with costs.

*V. Carter*, for appellant.