Axtel *et al. v.* Chase.

---

No. 8622.

### AXTEL ET AL. *v.* CHASE.

MORTGAGE.—*Consideration.—Answer.—Cross Complaint.— Failure of Title.—Surrender of Possession.*—A complaint to foreclose a mortgage and for a personal judgment, is not well answered by averring that the consideration was the purchase by the defendant of the mortgaged premises; that possession was taken under the purchase; that the plaintiff had no title, and that on learning that fact the defendant offered to surrender the possession; nor will such facts bar a merely personal judgment; nor are they sufficient as a cross complaint.

SAME.—*Foreclosure.— Correction.*—In a suit to reform and foreclose a mortgage, it is unnecessary to allege or prove a request to reform the mortgage. *Aliter,* when the suit is only to reform the instrument.

COVENANT. —*Deed.—Reformation of Mistake in Description.*—When, in an action for breach of covenants in a deed, it appears by the complaint that by mutual mistake the conveyance was of lands not intended, and no reformation is demanded, and none has been requested, there can be no recovery, and the complaint is bad on demurrer.

SAME.— *Vendor and Vendee.—Paramount Title.*—A vendor of real estate may

voluntarily yield possession to the true owner of an outstanding paramount title without the coercion of legal process, and is in such case entitled to recover upon the covenants of his deed, but the surrender must be to the rightful owner, and not to the vendor.

FORMER ADJUDICATION.—*Counter-Claim.*—A former adjudication does not conclude as to matters which might be but were not pleaded by way of counter-claim, but only as to matters which were in issue.

PRACTICE.—*Demurrer.—Joint and Several.*—A demurrer to a complaint by two defendants, in which they say that they "demur separately because it does not contain facts sufficient to constitute a cause of action against them or either of them," is joint, and not separate, and should be overruled if the complaint be sufficient as against either.

SAME.—*Pleading.*—Every pleading must be judged by its own averments, and can not be helped by reference to some other pleading.

SAME.—*Evidence.—Harmless Error.*—The admission of improper evidence to prove a fact alleged and not denied, and not possibly calculated to affect the finding in any way, is a harmless error.

SAME.—*Complaint.—Answer.*—Where, notwithstanding the facts stated in the answer, the complaint entitles the plaintiff to any relief, the answer is insufficient on demurrer.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellants.

*J. H. Louden* and *R. W. Miers*, for appellee.

MORRIS, C.—This action was brought by appellee against the appellants to foreclose a mortgage.

The complaint states that, on the 1st day of October, 1873, the appellants Andrew J. Axtel and Susan M. Axtel executed a mortgage conveying to the appellee in-lot 323, in the town of Bloomington, to secure the payment of a note for $1,225, with seven per cent. interest and attorney's fees; that on said day the appellee sold to the said Andrew J. Axtel, in-lot 323, in said town of Bloomington, and that the said note, executed by said Andrew J. Axtel, was given for the balance of the purchase-money on said lot; that, by the mutual mistake of the parties, the said lot was described in the mortgage executed by the said Axtels to the appellee to secure said note, as "in-lot 328, in the town of Bloomington," instead of "in-lot 323, in the town of Bloomington, Monroe county, Indiana;" that, on the 7th day of January, 1879, the First

National Bank of Bloomington, Indiana, recovered a judgment against the said Andrew J. Axtel for $712.60, which is still unpaid. The bank is made a party. It is averred that Axtel was put in possession of in-lot 323, at the time the mortgage was made by him, and that he has been in possession of it ever since. Copies of the note and mortgage are filed with the complaint.

The prayer of the complaint is that the mortgage may be reformed, and foreclosed as reformed, and judgment against Andrew J. on the note.

The appellants Andrew J. and Susan M. Axtel joined in a demurrer to the complaint, in which they say they demur separately to the complaint, because it does not contain facts sufficient to constitute a cause of action against them or either of them. This demurrer must be regarded as a joint demurrer. The parties can not thus demur separately. *Eichbredt* v. *Angerman,* 80 Ind. 208.

The complaint confessedly states a good cause of action against the appellant Andrew J. Axtel. There was no error, therefore, in overruling the demurrer to the complaint.

Andrew J. Axtel filed a cross complaint in two paragraphs. In the first paragraph he states in substance the following facts: That on the — day of ——, 1873, the appellee and he entered into a contract whereby the appellee, in consideration of $2,225, to be paid to her by the appellant Andrew J., agreed to convey to him immediately, by a good and sufficient warranty deed, in-lot No. 323, in Bloomington, Indiana; that, in pursuance of said contract, the said Andrew J. paid the appellee $200, and executed to her his notes for the residue of said sum of $2,225, which notes the appellee accepted, and thereupon placed the appellant in possession of said lot; that since the execution of said notes the appellant has paid thereon, at the dates and in the amounts following, the sum of $1,450. It is also stated that the rents and profits of the lot, during the time the appellants have been in possession of the same, are worth $500; that they have paid the appellee $—— of

taxes on said lot, and $30 for insurance on the buildings on the same; that the appellee failed and refused to convey said lot to appellant; that the appellee has no good and sufficient title to the lot and can not make such conveyance, though she represented to him at the time of making said agreement that she had such title to said lot and could make such deed; that he was ignorant of the want of title in the appellee until after he had paid her said sums of money, and that, in making the payments, he relied upon the promise of the appellee to make said conveyance, and that, immediately after the discovery of the appellee's want of title, and before the bringing of this suit, he offered to redeliver possession of said lot, and demanded the repayment to him of said sums, so paid to the appellee and paid out and expended for her benefit as aforesaid, and for the surrender and cancellation of said notes. Wherefore the appellant prayed judgment.

The second paragraph of the cross complaint of the appellant Andrew J. Axtel states the agreement between the parties, the payment of the $200, his possession of lot 323, and the execution of the notes and mortgage as the same are alleged in the first paragraph of the cross complaint, and avers, in addition thereto, that, at the time of the payment of the $200 and the execution of said notes and mortgage, the appellee executed to the said Andrew J. Axtel a deed for said lot, with the proper covenants of warranty, but, by the mutual mistake and inadvertence of the parties, the said lot was described in the deed so executed and in the said mortgage as lot 328, in said town of Bloomington, instead of lot 323. It is then alleged that the appellee delivered said deed to appellant, put him in possession of said lot and accepted said notes and mortgage; that she had not at the time, nor has she since had, any title to lot 323 or 328; that, since the execution of said notes and mortgage, the appellant has paid the appellee, " at the dates and in the manner following, the sum of $1,450." There is a blank left here that was intended to

be, but is not, filled. The cross complaint then proceeds as follows:

"That plaintiff represented to him, at the time of the making of said deed and the paying of said money, that she had such title to said property, and could legally make to him such deed to said lot 323. And the defendant avers that he was ignorant of the want of title in plaintiff to said lot 323, until after the payment of said sums, and in making said agreement and accepting said deed and paying said sums, he relied upon said representations of title; that, immediately upon learning of plaintiff's want of title to said lot 323, defendant offered to surrender the possession of the same to the plaintiff, and demanded the repayment to him of said sums of money paid to and expended for the plaintiff, and the surrender and cancellation of said notes and mortgage."

The prayer is that the deed be so reformed as correctly to describe said lot 323, and that the appellant have judgment for $3,000 damages, and the surrender and cancellation of said note and mortgage, and for other proper relief.

The appellants filed a joint answer, setting up the agreement between the parties, the execution of the deed by the appellee, and the execution of the notes by Andrew J., and the mortgage by the appellants; the mistake in the description of the lot, as stated in the second paragraph of the cross complaint of Andrew J. Axtel; that all of the purchase-money except the note in suit had been paid, and that the appellee had not, at any time, any title to either lot 328 or lot 323.

Andrew J. also filed a separate answer to so much of the complaint as seeks a personal judgment against him on said note, alleging the sale of the lot, the execution of the deed, notes and mortgage, the mistake in the description of the lot, the appellee's want of title, and the amount of purchase-money paid, substantially as the same facts are stated in his cross complaint.

The appellants also filed a joint cross complaint, in which they stated that on the — day of ———, 18—, the said An-

Axtel *et al. v.* Chase.

·drew J. Axtel filed in the office of the clerk of the Monroe ·Circuit Court, his complaint against the appellee, "averring ·therein the same facts which are alleged in the first and sec·ond paragraphs of Andrew J. Axtel's cross complaint herein, ·as will more fully appear by the said complaint now on file in ·this court;" that the appellee appeared and answered said com·plaint, averring that on the — day of ———, 18—, she sold ·and conveyed by deed lot 323, in Bloomington, Indiana, to ·said Axtel; that by mutual mistake the said deed was made ·to describe lot 328, in said Bloomington, instead of lot 323; ·that she had a right to convey said lot 323, under and by vir·tue of the will of Aaron Chase, her deceased husband, setting ·out a copy of said will, and tendering to the appellant Andrew ·J. a warranty deed for the same; that the appellant Andrew ·J. demurred to said answer, and the court overruled the de·murrer; that he appealed from the decision of the court upon ·said demurrer to the Supreme Court, where said appeal is still ·pending; that the facts set up in said complaint are the same ·facts stated in the foregoing first and second paragraphs of ·Andrew J. Axtel's cross complaint, filed in this suit. Upon ·this cross complaint the court is asked to enjoin or suspend ·the present suit until the Supreme Court shall decide the ap·pealed case pending therein as above stated.

The appellant Andrew J. filed a further separate answer, ·setting up substantially the same facts alleged in the second ·paragraph of his cross complaint.

The appellee demurred to what in the record is called the ·fifth paragraph of cross complaint, being, in fact, the third ·paragraph of said cross complaint. · The court sustained the ·demurrer, and the appellants excepted.

The appellee answered the first and second paragraphs of ·the cross complaint by a general denial. She also filed a special ·answer to said cross complaint as follows:

"And for a further answer herein to said cross complaint ·said plaintiff says, that on the 21st day of January, 1879, ·said defendant Andrew J. Axtel filed his amended complaint

in the Monroe Circuit Court against the said Deborah Chase,
wherein he alleged the same matters and things set up in his
cross complaint herein, and none other; that the said Deborah
Chase appeared to said complaint and filed her answer thereto;
that the said Andrew J. Axtel filed his demurrer to the second
paragraph of said answer, which demurrer the court over-
ruled, and, the said Axtel refusing and failing to reply further,
judgment was rendered in said cause against the said Axtel,
and in favor of the said Deborah Chase, for costs, which judg-
ment remains in full force and effect, which judgment, with
the pleadings and files in said cause, are referred to herein,
and hereof made a part; that all the matters set up as a cause
of action in said cross complaint have been heretofore fully
adjudicated in the said Monroe Circuit Court in said former
cause, at the said January term, 1879, of said Monroe Circuit
Court." Copies of the pleadings and proceedings in the suit
mentioned in the above answer are filed with it.

The appellee also replied to the answer of the appellants,
by a general denial, and for a second reply set up the same
facts alleged in answer to the cross complaint of Andrew J.
Axtel, and in the same way.

The appellants demurred to the second paragraph of the ap-
pellee's answer to the cross complaint, and to the second par-
agraph of her reply to the appellants' answer.

The demurrer to the second paragraph of the answer to the
appellants' cross complaint was overruled, and they excepted.
The court also overruled the demurrer to the second para-
graph of the appellee's reply to the appellants' answer to the
complaint.

The appellant Andrew J. Axtel obtained leave to file an
additional answer, in which he alleged, that on the 21st day
of ———, 1879, he commenced in the Monroe Circuit Court
a suit against the appellee in relation to the lot in contro-
versy. The facts upon which said action was instituted are
set out in full in this paragraph of the answer; it states that
the appellee appeared to said action and answered, the answer

being also set out in full; that the appellant demurred to the answer, which was overruled by the court; that he refused to reply, and final judgment was rendered for the appellee. To this answer the appellee demurred. The demurrer was sustained, and the appellant excepted. The appellant Andrew J. Axtel replied to the second paragraph of the answer to his cross complaint.

The cause was submitted to the court for trial; finding for the appellee. The appellants moved the court for a new trial; the motion was overruled. A bill of exceptions containing the evidence in the case is in the record.

The errors assigned question the rulings of the court upon the demurrers and upon the motion for a new trial.

We have already held that there was no error in overruling the demurrer to the complaint. The demurrer must be regarded as the joint demurrer of both the appellants. Such a demurrer can not be sustained if the complaint states a good cause of action against either of the parties demurring. *Estep* v. *Burke*, 19 Ind. 87; *Teter* v. *Hinders*, 19 Ind. 93. The appellants admit that the complaint is good as against Andrew J. Axtel. There was no error, therefore, in overruling the demurrer to it.

There was no error in sustaining the demurrer to the sixth paragraph of the answer. This paragraph assumes that the matters alleged in the complaint had been adjudicated upon and settled in a prior suit instituted in the Monroe Circuit Court by Andrew J. Axtel against the appellee. But the cause of action sued on in this case was not in issue in the former suit. The appellants contend that inasmuch as the appellee might in the former suit, by a cross complaint, have obtained a foreclosure of her mortgage, she is, as to the foreclosure, concluded by the judgment in that suit. This is not the law. The former suit concludes the parties only as to matters in issue in such suit. *Sharkey* v. *Evans*, 46 Ind. 472; *McSweeney* v. *Carney*, 72 Ind. 430; *Krutsinger* v. *Brown*, 72 Ind. 466.

Nor did the court err in overruling the appellants' demurrer

to the second paragraph of the appellee's answer to the cross complaint; for, assuming the answer to be bad, it is good enough for the cross complaint, which is, we think, clearly bad. The cross complaint is in two paragraphs. The facts stated in these paragraphs are precisely the same as those alleged in the complaint of *Axtel* v. *Chase,* 77 Ind. 74. This court held the complaint bad upon demurrer. Upon the authority of that case, and the authorities cited, we hold the cross complaint bad, and that, for that reason, there was no error in overruling the demurrer to the answer.

We think the court did not err in sustaining the demurrer to the third paragraph of the appellants' cross complaint. Unless we regard the cross complaint of Andrew J. Axtel as a part of the third paragraph, the latter contains no cause of action at all. If the cross complaint of Andrew J. Axtel is not a part of the third paragraph, it is impossible to determine what the complaint in the former action, upon which the court is asked to enjoin the appellee from proceeding in this action, contained. It is averred that the complaint in the former suit contained the " same facts which are averred in the first and second paragraphs of the cross complaint of Andrew J. Axtel." We can not regard the cross complaint of Andrew J. Axtel, thus referred to, as a part of the third paragraph of the appellants' cross complaint. Each paragraph must be complete in itself, and can not be aided by reference merely to other paragraphs. *McCarnan* v. *Cochran,* 57 Ind. 166; *Potter* v. *Earnest,* 45 Ind. 416. There was no error in sustaining the demurrer to this paragraph.

We are also of opinion that the court did not err in overruling the demurrer to the second paragraph of the reply to the third and fourth paragraphs of the answer to the complaint.

The third paragraph of the answer, in which the appellants join, is pleaded to the whole complaint, and is clearly bad. *Axtel* v. *Chase, supra.* The reply, if bad, is good enough for this paragraph of the answer.

The fourth paragraph of the answer is pleaded by Andrew

Axtel *et al. v.* Chase.

J. Axtel alone to so much of the complaint only as seeks a personal judgment against him on the note mentioned in the complaint. It alleges the agreement to sell and convey the lot, the execution of the deed, notes and mortgage, as these facts are stated in the cross complaint; that he was put in possession of the lot intended to be sold and conveyed. The mistake in the deed and mortgage is stated, and that the appellee represented that she had a good title to the lot, and could make the appellant a good title; that she never had any title to the lot and could convey none; that he relied upon the appellee's representations, etc. But it is not shown that such representations were fraudulent or known to be false. The facts stated do not show a want or failure of consideration for the note. Possession of the lot was given to the appellant and is still retained, and may, if continued, ripen into a good title. True, the appellant offered to surrender the possession of the lot to the appellee, but under such circumstances as rendered the offer unavailing. It is said, however, that a copy of the deed was filed with the complaint; that a breach of its covenants is alleged and damages demanded; but it is also alleged that the deed, through the mutual mistake of the parties, does not contain their contract. Until reformed and made to speak their intention, an action for the breach of its covenants can not be maintained. The answer itself shows that it would be unjust to enforce the covenants until the deed is conformed to the intention of the parties to it, and made to be what they intended it should be. No reformation of the deed is demanded, nor is it averred that the appellee had ever been requested to correct it. We think this paragraph bad, and that the reply was sufficient.

The causes for a new trial are as follows:

1. Because the finding of the court is not sustained by sufficient evidence.

2. Because the finding of the court is contrary to law.

3. Because the damages assessed by the court are excessive.

4. Error in the assessment of the amount of the recovery.

5. Error occurring at the trial, in permitting the plaintiff to prove, over the objection of the appellants, by Bloomfield S. Chase, that she intended to convey to the appellants lot 323 in Bloomington, instead of lot 328.

We think the evidence tends to support the finding. True, it is not averred in the complaint, nor was it proven on the trial, that there had been a demand and refusal to correct the mistake in the mortgage, and the court finds that the appellee was entitled to have the mortgage reformed and the mistake corrected. It was not necessary in this case to allege or prove a demand upon the appellants to correct the mortgage. True, in the case of *Axtel* v. *Chase*, this court held that a cause of action *simply* to correct an alleged mistake in a deed is not shown, unless a demand and refusal to make the correction are alleged. But this suit was instituted not *simply* to correct the mistake in the mortgage. The appellants were sued because of their default and failure to pay the appellee's demand. The principal object of the action is to collect the appellee's debt, and the correction of the mortgage is incidental to this. The appellants were brought into court for the purpose of compelling them to pay their debt, and, being in court because of this failure, they are asked, incidentally, to correct the mortgage. No demand upon them to correct the mortgage was necessary. There was no denial of the facts alleged in the complaint. The finding was sustained by sufficient evidence, and was not contrary to law.

Nor can we say that the damages are excessive, or that the court erred in the assessment of the amount.

Upon the trial, counsel for the appellee asked Bloomfield S. Chase, a witness on behalf of the appellee, the following question: "What property did your mother intend to convey to Axtel?"

To this question the appellants objected, on the ground that it was incompetent and immaterial. The objection was overruled, and the appellants excepted. The witness answered: "She intended to convey lot 323."

The question and answer were improper, but in this case harmless. The reformation of the deed from the appellee to the appellant Andrew J. Axtel was not necessary to the relief asked and obtained by the appellee. The facts alleged in her complaint were not denied. The reformation and foreclosure of the mortgage would be as effectual for the appellee without as with a reformation of the deed from her to Andrew J. Axtel. The answer to the question was, therefore, harmless, and in no way affected the result of the suit.

There is no available error in this case, and the judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.

## ON PETITION FOR A REHEARING.

MORRIS, C.—The appellants have filed a petition for a rehearing in this case.

It is insisted that the case of *Axtel* v. *Chase*, 77 Ind. 74, should not be followed. We think the case well decided, and are disposed to adhere to it.

It is also insisted that the court erred in this case, in holding the third and fourth paragraphs of the appellants' answer bad.

The third paragraph of the answer is pleaded by both appellants, and purports to answer the whole complaint. The complaint alleged that the note and mortgage were given for the balance of the purchase-money of lot 323 in Bloomington; that the appellee had put the appellant Andrew in possession of the lot. There is no averment in this paragraph of the answer that the possession of the lot had been abandoned by him. The appellee was, notwithstanding the facts alleged in the answer, entitled to foreclose her mortgage. If she was, notwithstanding the facts stated in the answer, entitled to any relief, it must be held to be bad. *Hubbard* v. *Chappel*, 14 Ind. 601; *Rogers* v. *Place*, 29 Ind. 577; *Hanna* v. *Shields*, 34 Ind. 84; *Axtel* v. *Chase*, *supra*.

The fourth paragraph of the answer is pleaded by Andrew J. Axtel alone, and answers so much of the complaint only as seeks a personal judgment against him. No fraud is alleged. It is averred that the appellee had no title to the land, but it is also alleged that she put the appellant Andrew J. in possession of it, and it is not averred that he is not still in possession. It is stated that he offered to surrender the possession of the lot to the appellee. It is insisted that these facts show a failure of consideration. We think they do not. The mere offer to surrender the possession of the lot to the appellee did not affect the consideration of the note. The offer to surrender the possession did not prevent the statute of limitations from running, and the possession thus retained might, through the lapse of time, ripen into a good and indefeasible title. The possession was a sufficient consideration for the note, and while he retained it, he could not say that the consideration had failed.

The appellants say that the facts alleged show, or are equivalent to, a breach of the covenants of warranty contained in the deed from the appellee to the appellant Andrew J. We can not assent to this proposition.

It is true that the vendor may voluntarily yield to the outstanding paramount title without the coercion of legal process, but he must abandon the possession, so that the true owner may enter. It is to him, not to his vendor, that he must surrender.

In the case of *Drew* v. *Towle,* 10 Foster (N. H.) 531, the principle is stated correctly, and as favorably to the appellants as it is held in any case, as follows:

"The defendant had an undoubted right, upon being satisfied of the invalidity of his title, to abandon the possession of the premises, and thereby avoid the necessity of litigation and its attendant perplexities, and expenses. He owed the plaintiff no duty to remain in possession and sustain the burthen of the defence when the title was invalid. * * Now, the right of the defendant was at any period to give up the posses-

sion to the rightful owner, upon claim made." Rawle Cove-. nants, 246, *et seq.*

We know of no case going further than the above. The same doctrine has been held in a large majority of the States. But in this case it is shown by the paragraph under consideration, that there were no covenants in the deed available to the appellant. It is not shown that any claim had been asserted to the lot by any one, nor was any offer to surrender the possession made to those alleged to hold the paramount title.

Had it been alleged that the possession had been abandoned, a reformation of the deed asked, and damages for the breach of its covenants demanded, a different question would be presented. We think there was no error in holding this paragraph bad. *Marvin* v. *Applegate,* 18 Ind. 425.; *Reasoner* v. *Edmundson,* 5 Ind. 393 ; *Woodford* v. *Leavenworth,* 14 Ind. 311.

"An eviction," say this court, in *Reasoner* v. *Edmundson, supra,* "is a turning out of possession, or placing the party in such a situation that, his expulsion being inevitable, he voluntarily surrenders the possession to save expulsion."

PER CURIAM.—The petition is overruled.