Rotach *v.* McCarty.

Filed June 25, 1885.

---

No. 12,192.

## ROTACH *v.* McCARTY.

MARION SUPERIOR COURT.—*Appeal.*—*Assignment of Error.*—*Practice.*—On appeal from the general term of the Marion Superior Court to the Supreme Court, only such errors as were assigned in such general term will be considered.

Rotach *v.* McCarty.

FRAUD.—*Contract.—Damages.—Evidence.*—For a consideration of evidence held sufficient to sustain a judgment for damages for fraudulent violation of contract, see opinion.

INSTRUCTIONS TO JURY.— *Weighing Evidence.*—In the absence of a request for fuller instruction, it is not error for the trial court to say to the jury that they are familiar with the manner of weighing evidence, and that further instruction is not necessary.

From the Marion Superior Court.

*E. A. Parker, J. E. Florea* and *A. W. Wishard,* for appellant.

*L. Ritter, E. F. Ritter* and *B. W. Ritter,* for appellee.

MITCHELL, C. J.—Prior to the 30th day of January, 1883, Rotach was the owner of a dairy near the city of Indianapolis, and was engaged in retailing milk therefrom to customers upon a certain route, who were supplied from his wagons.

On that day a written agreement was entered into between Rotach and McCarty, by the terms of which the former sold to the latter two horses, the milk wagons, cans, etc., together with the route over which he operated, for a consideration therein named.

It was further stipulated that Rotach should daily furnish to McCarty seventy gallons of milk, more or less, at fourteen cents per gallon, the year around, to supply the customers on the route.

This suit was brought by McCarty, who alleged the making of the agreement, exhibiting a copy with the complaint, and that he had paid thereon the sum of two hundred and fifty dollars, and executed his notes for the residue. He averred that in pursuance of the contract he had taken possession of the horses, wagons and route, had expended about five hundred dollars in expenses in conducting the business, that Rotach, in violation of his contract, had habitually delivered to him milk which was adulterated with water, by means of which his customers left him, and his business was broken up; that he had surrendered the property to Rotach, who had received the same and converted it to his own use, and that he had sustained damage, etc.

Upon issues made the case was tried by a jury; verdict and judgment for the plaintiff.

On appeal to the general term the only error assigned was the overruling of the appellant's motion for a new trial. The appellant, in addition to the assignment that the court, in general term, erred in affirming the judgment of the special term, assigns here that the complaint does not state facts sufficient to constitute a cause of action. Under the well settled rule this court can consider no errors except such as were assigned in the general term. *Leary* v. *Smith,* 81 Ind. 90, and cases cited.

The appellant's principal contention is that the verdict of the jury is not sustained by the evidence.

Assuming, as in the state of the record we must, that the complaint contains the statement of a cause of action, we think the evidence fairly tends to establish its material averments.

It may be admitted that the basis upon which the jury arrived at the amount of damages does not clearly appear in the evidence, but it does appear that the plaintiff had, paid to the defendant for the horses, wagons, cans and route, $250 in cash, and that he had expended his time and some additional means in prosecuting the business under the contract. It also appeared that his sales of milk fell off from seventy gallons and upwards per day, to fifty and less, and it may have been inferred that this falling off was on account of the inferior quality of the milk furnished.

On account of the alleged misconduct of the appellant the appellee surrendered up the property and business. These were taken possession of by the appellant and converted to his own use.

If the jury believed, as well they might, that McCarty was compelled to give up the property and business on account of the fraudulent conduct of the appellant, they may have found that the amount which had been paid on the property, together with the loss sustained in the business resulting from the appellant's failure to supply milk fit for use,

as his contract implied, was equal to the sum allowed in their verdict.

Conceding that the appellee was not entitled to recover for prospective profits, he had, nevertheless, the right to recover the actual damage which he sustained, and as the appellant took the property back it was competent to consider the amount paid on the contract, and the injury sustained by the delivery of inferior milk and the result which flowed therefrom.

At all events, simply because we can not now discover the precise theory upon which the jury arrived at the amount of their verdict, we can not say it is not supported by the evidence.

It was not error for the court to say to the jury that they were familiar with the manner of weighing evidence, and that it was not necessary that they should be instructed in reference thereto. If the appellant desired that the jury should be further instructed in that regard, he should have made his request to the court.

With reference to the other points suggested in counsel's brief, we have examined them and find no error in the record.

Judgment affirmed, with costs.

Filed May 25, 1885; petition for a rehearing overruled Sept. 18, 1885.