Filed March 15, 1892.

---

## No. 553.

### HUBBARD ET AL. *v.* BELL ET AL.

ASSIGNMENT OF ERROR.— *When Joint Assignment of will not be Considered.*— An assignment of error which is not good as to all who unite therein is not good as to any of them, and a separate error against one of several appellants is not presented by such joint assignment.

APPEAL.—*From General Term to Appellate Court.— What Questions Considered.*—Where there is an appeal from a judgment at special term to the general term, and there is an appeal from the judgment at the general term to this court, assigning as error the affirmance of the judgment appealed from, only such questions as were presented at the general term will be considered on appeal.

From the Marion Superior Court.

*S. E. Urmston,* for appellants.

*H. Bowser,* for appellees.

BLACK, J.—Joseph E. Bell sued Walter J. Hubbard, Nathan E. Mills and Norval W. Ferguson, and recovered judgment against all the defendants for fifty dollars. From this judgment at special term an appeal was taken to the court below in general term. There the defendant Hubbard separately assigned as error the overruling of his separate demurrer to the complaint, and the defend-

ant Mills separately assigned that the complaint did no: state facts sufficient to constitute a cause of action against him. There was no joint assignment of error and no separate assignment by the defendant Ferguson, who, in the title of the assignment, was named with the plaintiff as an appellee.

The court in general term affirmed the judgment at special term. From the judgment of affirmance this appeal was brought, Walter J. Hubbard and Nathan E. Mills uniting as appellants, and naming Joseph E. Bell and Norval W. Ferguson as appellees, and causing notice of the appeal to be served on said Bell and Ferguson.

In this court said Hubbard and Mills have jointly assigned as error the action of the court below in general term in affirming the judgment at special term.

It has often been held that if an assignment of error by two or more is not good as to all who unite therein, it is not good as to any of them. The error assigned must be available in favor of all who join in the assignment. A ruling which does not affect all who jointly assign it as error will not be considered. A separate error against one of several appellants is not presented by a joint assignment of all. *Eichbredt* v. *Angerman*, 80 Ind. 208; *Feeney* v. *Mazelin*, 87 Ind. 226; *Hinkle* v. *Shelley*, 100 Ind. 88; *Boyd* v. *Anderson*, 102 Ind. 217; *Tucker* v. *Conrad*, 103 Ind. 349; *Hochstedler* v. *Hochstedler*, 108 Ind. 506; *Walker* v. *Hill*, 111 Ind. 223; *Arbuckle* v. *Swim*, 123 Ind. 208; *Wall* v. *Bagby*, 126 Ind. 372.

On an appeal to this court from the judgment of the Superior Court of Marion county in general term, an assignment that the court in general term erred in affirming the judgment at special term presents to this court only such questions as were presented at the general term. *Hereth* v. *Hereth*, 100 Ind. 35; *Rotach* v. *McCarty*, 102 Ind. 461.

If, under a joint assignment in this court, the judg-

ment of the Superior Court in general term, affirming the judgment at special term, may be reversed, where in the general term, errors were assigned severally only, as in this case, when such separate assignments were all well taken, we can not reverse where as to one of the appellants joining in the assignment here, there was no available error assigned in the general term, and when as to him the judgment of affirmançe was not erroneous; for the assignment must be good as to all who join in it.

In the argument of counsel it is not claimed that the complaint was not sufficient after verdict.   No argument whatever is presented in support of the assignment of Mills that the complaint did not state facts sufficient to constitute a cause of action.   It is only claimed that the complaint was not sufficient on demurrer.

If it can not be said that it is, in effect, admitted that the complaint was good after verdict, it must be said that any supposed error as to the appellant Mills is waived. When all alleged error affecting one of the appellants is waived, the judgment must be affirmed as to him.   But the assignment of error being joint, if there was no available error as to one of the appellants, the judgment can not be reversed as to the other.

The judgment is affirmed.

Filed March 17, 1892.