Sibert *et al. v.* Copeland *et al.*

---

SIBERT ET AL. *v.* COPELAND ET AL.

[No. 17,697.   Filed June 9, 1896.   Rehearing denied Dec. 4, 1896.]

APPEAL AND ERROR.—*Joint Assignment of Errors.*—An assignment of errors as follows: "The appellants severally aver that there is error," etc., setting out three alleged errors, is a joint assignment, the word "severally" applying to the specifications of error and not to the appellants.

From the Fulton Circuit Court. *Affirmed.*

*Conner, Rowley & McMahan*, for appellants.

*Enoch Myers* and *Borders & Borders*, for appellees.

JORDAN, J.—This was an action in the lower court by the appellee upon a promissory note, executed by the appellants, Albert B. Sibert and Augustus H. Swearington, and to set aside an alleged fraudulent conveyance as against appellants, Clara H. and Albert B. Sibert, who are husband and wife. Other causes against the same parties by other plaintiffs were consolidated with this case in the lower court, and are embraced in this appeal. Upon a trial had,

judgment was awarded in favor of appellee, and he was granted the relief which he demanded. The appellants have assigned errors in this court in the following manner:

"ALBERT B. SIBERT, CLARA H. SIBERT
and AUGUSTUS H. SWEARINGTON
*v.*
ARTHUR C. COPELAND, MICHAEL BRU-
GLE, JOHN FRAIN and LOUIS KELLER.

"The appellants severally aver that there is error in the proceedings and judgment in this cause in this:

"First. That neither of the complaints of the several appellees states facts sufficient to constitute a cause of action.

"Second. The court erred in the conclusion of law stated upon the special finding of facts.

"Third. The court erred in overruling appellants' motion for a new trial.

"Wherefore appellants severally pray that the judgment be reversed."

The assignment is signed by their attorneys. It is assailed by the appellees as insufficient.

The rule is well settled by repeated decisions of this court that a joint assignment of error must be good as to all the appellants who join therein, or it will be good as to none. *Armstrong* v. *Dunn,* 143 Ind. 433, and cases there cited; Elliott's App. Proced., section 318. In this section the author says: "If the errors affect the parties severally and not jointly the proper practice is for each party to assign errors, for the rule is well settled that a joint assignment will not permit one of several parties to avail himself of errors alleged upon rulings which affect him alone and not those with whom he unites in the assignment. The rule that a joint assignment of error must be good as to all who unite in it, is in harmony with the general

principle of pleading which requires a demurrer, an answer, or motion, to be good as to all who join in it."

The only defined exception to this rule seems to be where husband and wife are parties. In such an appeal an assignment will be good as to both, if it is good as to the wife. Elliott's App. Proced., section 319.

The appellants in this cause, it will be seen, all unite in the assignment which we have set out. It is true the word "severally" is used after the word "appellants," but this, we think, must be held to apply to the several specifications of error, which in their nature are said to be closely analogous to the paragraphs of a complaint or answer. Elliott's App. Proced., section 309. It cannot be held to have an application both to the appellants and specifications.

In *Carver* v. *Carver*, 97 Ind. 497, it was held that a demurrer reading as follows: "The defendants separately and severally demur to the first and second paragraphs of the plaintiff's complaint, and for cause of demurrer say that neither of said paragraphs states facts sufficient to constitute a cause of action against them," was joint as to the parties demurring. The court said: "This demurrer, we think, is separate as to each paragraph of the complaint, but clearly joint as to the parties. The words 'separately and severally' cannot be applied both to the separate paragraphs and also to the defendants; we think they apply only to the separate paragraphs."

In *Armstrong* v. *Dunn, supra*, it was held that a demurrer reciting that the defendants "demurs jointly, as well as separately and severally, to the first, second and third paragraphs of the complaint, and to each of them separately, and for cause says that neither of said paragraphs state facts sufficient to constitute a cause of action," was separate as to the paragraphs, but joint as to the parties. The same rule is asserted in

*Axtel* v. *Chase*, 83 Ind. 546; *Hanover, etc., Tp.* v. *Gant*, 125 Ind. 557.

Appellants cannot in this manner separately assign errors, and the assignment must be held to be joint as to all and not separate as to any of the parties. Such an assignment can no more perform the office of a separate one, than can a demurrer formed in like manner answer for or have the effect of a separate demurrer, and, like a joint demurrer, if not well taken as to all, it will not be available as to any. *Eichbredt* v., *Angerman*, 80 Ind. 208.

No claim is urged by counsel that the appellant, Swearington, is injuriously affected by the rulings of the trial court, to which error is imputed by the assignment, and in fact the record discloses that he is not so affected, hence it follows that, under the rule stated, the assignment cannot be of avail to either of his co-appellants, and therefore no question is presented upon the merits of the appeal.

Judgment affirmed.