BOARD OF COMMISSIONERS OF BENTON COUNTY ET AL.
*v.* FRASER ET AL.

[No. 2,402.  Filed Jan. 6, 1898.  Rehearing denied March 11, 1898.]

APPEAL AND ERROR.—*Joint Assignment of Error.*—A joint assignment of error must be good as to all of the appellants or it will be good as to none.

From the Benton Circuit Court.  *Affirmed.*

*George H. Gray* and *Dawson Smith*, for appellants.

*Daniel Fraser* and *Will Isham*, for appellees.

COMSTOCK, J.—Appellees, as a firm of attorneys, filed a bill with the commissioners of Benton county for $50.00 for legal services rendered by them to a superintendent of a ditch constructed under an act approved March 7th, 1891, sections 5690-5717, Burns' R. S. 1894.

The commissioners refused to allow the bill and appellees appealed to the circuit court.  In the circuit court appellees amended their complaint and made George Smith, auditor of said county, a party defendant.  The court sustained the demurrer of Smith to the complaint.  The cause was put at issue as to the

board of commissioners, a trial had, and judgment rendered in favor of appellees against the board of commissioners for the face of their claim. The judgment directed that it should be paid out of the ditch fund. From this judgment the appellants have appealed.

The assignment of errors, after setting out the title of the cause as above is as follows: "The appellants say there is manifest error in the judgment and proceedings in this cause, in this, namely: (1) The court erred in overruling the separate demurrer of the board of commissioners to the complaint. (2) The court erred in overruling the motion for a new trial. (3) The court erred in overruling the motion in arrest of judgment. (4) The complaint does not state facts sufficient to constitute a cause of action against said appellants, or either of them. For which errors the appellants pray that the judgment be in all things reversed. George H. Gray and Dawson Smith, attorneys for appelants."

Counsel for appellees contend that the assignment is joint, and that not being good as to appellant Smith, it is unavailing.

It has been settled by numerous decisions of the Supreme Court of this State that a joint assignment of errors must be good as to all of the appellants or it will be good as to none. *Earhart* v. *Farmers' Creamery*, 148 Ind. 79; *Sibert* v. *Copeland*, 146 Ind. 387; *Armstrong* v. *Dunn*, 143 Ind. 433; *Carr* v. *Carr*, 137 Ind. 232; *King* v. *Easton*, 135 Ind. 353; *Hubbard* v. *Bell*, 4 Ind. App. 180.

The motion for a new trial and in arrest of judgment were made by the board alone. The demurrer of Smith having been sustained, and judgment rendered against the board of commissioners alone, Smith was not harmed by the action of the court.

There is no error of which he could complain or from which he could appeal. The assignment being joint, and not being good as to one of the appellants, must fail as to all. Judgment affirmed.

Wiley, J., did not take any part in the decision of this case.

### ON PETITION FOR REHEARING.

COMSTOCK, J.—Counsel for appellants in their brief in support of their petition for a rehearing, insist that the statement in the original opinion that there was no judgment against appellant Smith is not sustained by the record. We deem it, therefore, proper, while adhering to the conclusion reached in that opinion, to add that the judgment was rendered against the commissioners "for fifty dollars and costs, taxed at —— dollars; said judgment to be paid out of the money in the county treasury belonging to the Tully ditch fund. And the Auditor is hereby directed to draw his warrant on the county treasurer for the sum of fifty dollars and costs, payable out of said Tully ditch fund." The demurrer of auditor Smith had been sustained to the complaint. When this judgment was rendered there was no complaint against him. While the assignment of errors is joint, he did not join in the motion for a new trial, nor in the motion in arrest of judgment, and the fourth assignment, "that the complaint does not state facts sufficient to constitute a cause of action against said appellants, or either of them," cannot avail him, for his demurrer to the complaint had been sustained. Petition overruled.