THE VIGO REAL ESTATE COMPANY ET AL. *v.* REESE ET AL.

[No. 2,615. Filed October 5, 1898.]

APPEAL AND ERROR.—*Joint Assignment.*—A ruling which is not available as to all the parties against whom it is made cannot be successfully assigned jointly by them. *pp. 21, 22.*

SPECIAL FINDING.—*Form Of.*—A finding by the court of the facts, stated in narrative form, not signed by the court, and to which no conclusion of law is stated by the court, is a general and not a special finding. *p. 21.*

From the Vigo Circuit Court. *Affirmed.*

*W. H. Soale,* for appellants.

*E. F. Williams,* for appellees.

COMSTOCK, J.—Suit brought by appellees to enforce a material man's lien against the property of appellant the Vigo Real Estate Company for lumber furnished said real estate company for a building on lot 379, Highland Place, city of Terre Haute, at the request of said company, and used by it in the construction of said building. The complaint alleges that appellant Andrew Grimes is receiver of said company, and asks leave to sue said receiver jointly with said company. The receiver demurred separately to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled; the cause put at issue; a trial by the court without the intervention of a jury resulted in a judgment in favor of plaintiffs against the Real Estate Company for the sum of $239.08, and

a decree for the sale of said real estate and barring the equity of redemption of the defendants.

The evidence clearly shows that the lumber was purchased by said real estate company, went into the building for which it was purchased, and that the balance for which judgment was rendered is unpaid. The joint and several motions of the appellants for a new trial were overruled, and exceptions taken. The errors assigned are: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in overruling the demurrer to the complaint; (3) the court erred in its conclusions of law on the findings; (4) the court erred in overruling the motion for a new trial.

In support of the first and second errors assigned, appellants' counsel contend that the complaint is insufficient, because it does not aver that leave of the court was first obtained to sue the receiver before bringing suit. It is the law that a receiver cannot sue nor be sued without leave of the court making the appointment being first obtained, and the point for which appellants contend is correct. The assignment of errors, however, is joint. Unless good as to both, it is unavailing as to either. We have mentioned the only defect pointed out to the complaint. No defect is shown as against the Vigo Real Estate Company. The assignment must therefore fail. *Board, etc.,* v. *Fraser,* 19 Ind. App. 520; *Earhart* v. *Farmers' Creamery,* 148 Ind. 79; *Sibert* v. *Copeland,* 146 Ind. 387; *Armstrong* v. *Dunn,* 143 Ind. 433, 443; *Carr* v. *Carr,* 137 Ind. 232; *Hubbard* v. *Bell,* 4 Ind. App. 180.

While the court states in narrative form the facts found, it does not appear that either party requested a special finding of facts. It is not signed by the court. No conclusion of law is stated by the court, no exception taken to the judgment. The finding must be held

to be a general one. The third specification of the assignment is, therefore, not well taken.

In discussing the remaining error assigned (the overruling of the motion for a new trial), appellants' learned counsel claim that the court erred in its ruling, for the reason that the evidence shows: (1) That the Vigo Real Estate Company did not own said lot 379 at the date of the purchasing of the lumber and the perfecting of the lien, and that no lien could attach thereto; that it was the property of another, not a party to this suit. (2) That the appellant receiver was appointed June 17, 1893, and that the notice of intention to hold a lien on the real estate in question was not filed until the 25th of July, 1893, and that the lien would not therefore attach to property in his hands. The reasons for a new trial set out in the motion are: (1) That the verdict of the court is not sustained by sufficient evidence; (2) the verdict of the court is contrary to law; (3) the court erred in overruling the demurrer to plaintiff's complaint filed in this cause. It is apparent that counsel made a clerical error in using the word "verdict" in the motions, instead of "judgment," and we will consider it as corrected. The motion for a new trial was joint and several. The assignment very properly may be said to be indefinite as to the motion upon which it is predicated; but, holding it to apply to the joint motion, it still cannot avail for both appellants, and must, therefore, fail as to both. If the Vigo Real Estate Company had no interest in said lot 379 to which said lien could attach, it could not be prejudiced by its sale. If the appointment of the receiver devested the creditors of the Vigo Real Estate Company of all rights to acquire a lien (a point which we do not decide), it would not be a defense available to said Vigo Real Estate Company. It is not necessary to add any-

thing concerning the sufficiency of the complaint, which is again questioned in the third ground for a new trial. · Judgment affirmed.