JOHNSON, ADMINISTRATOR, ET AL. *v.* WINSLOW ET AL.

[No. 2,760. Filed March 28, 1899.]

NEW TRIAL.—*Joint Motion.*—A joint motion for a new trial is properly overruled as to all the parties joining therein, if either party is not entitled to a new trial. *p. 105.*

APPEAL AND ERROR.—*Joint Assignment of Error.*—A joint assignment of error must be good as to all of the appellants. *p. 105.*

From the Grant Circuit Court. *Affirmed.*

*Austin DeWolf*, for appellants.

*Kersey & Parker*, for appellees.

Johnson, Adm., *v.* Winslow.

HENLEY, J.—Appellees filed their claim against the estate of James N. Johnson, deceased. James Johnson refusing to join as plaintiff was made a defendant to the action. Appellants did not question the sufficiency of the complaint in the lower court, and make no attack upon it here. The cause was submitted to the court upon an agreed statement of facts. The lower court rendered a judgment against the estate of said James N. Johnson, and in favor of appellees, and said James Johnson, one of the appellants. The complaint did not seek to recover a judgment against appellant James Johnson, and no judgment was rendered against him. Appellants jointly moved for a new trial, which was overruled. The assignment of errors which questions the ruling of the lower court upon the motion for a new trial is also joint. A joint motion for a new trial should be overruled as to all the parties joining therein if any one of them be not entitled to a new trial. *Feeney* v. *Mazelin*, 87 Ind. 226; *First Nat. Bank, etc.,* v. *Colter*, 61 Ind. 153.

It is also well settled that a joint assignment of errors must be good as to all the appellants, or it will be good as to none. *Board, etc.,* v. *Fraser*, 19 Ind. App. 520; *Sibert* v. *Copeland*, 146 Ind. 387; *Carr* v. *Carr*, 137 Ind. 232; *Hubbard* v. *Bell*, 4 Ind. App. 180.

The lower court could not, and did not, harm appellant James Johnson by its action in overruling the motion for a new trial, and the assignment of errors not being good as to James Johnson is not good as to his co-appellant Solomon Johnson, administrator of the estate of James N. Johnson, deceased. The ruling upon the motion for a new trial being the only alleged error, the judgment of the lower court will have to be affirmed. Judgment affirmed.

Wiley, J., absent.