PEIRCE, RECEIVER, ETC., v. CHISM.

[No. 2,886.  Filed December 14, 1899.]

RECEIVERS.—*Action Against.*—*Complaint.*—The complaint in an action against a receiver must contain an averment that leave to bring the action had been obtained from the court by which the receiver had been appointed.

From the Howard Superior Court.  *Reversed.*

*C. G. Guenther* and *A. B. Clark*, for appellant.
*J. C. Blacklidge*, *C. C. Shirley* and *C. Wolf*, for appellee.

HENLEY, J.—This was an action brought by the appellee against the appellant to recover damages arising from the alleged negligent killing of appellee's horses.  It appears from the complaint that at the time of the commencement of the action the property of the corporation was in the hands of a duly appointed and qualified receiver.  The only error assigned is the overruling of the demurrer to the first and second paragraphs of the amended complaint.  The only objection pointed out by counsel for appellant is that neither paragraph of complaint avers that leave of court had been obtained to bring the action against the receiver.  It seems to us that this objection to the complaint is well taken.  Numerous and late decisions of both courts of appeal in this State have held that a receiver can neither sue nor be sued, without leave of the court is first obtained.

In the case of *Keen* v. *Breckenridge, Rec.*, 96 Ind. 69, the court said: "As a receiver, in the absence of statutory authority, can neither sue nor be sued without leave of the court by which he was appointed, we think it is essential to aver in the complaint that leave to bring the action had been

granted by the proper court." The exact·question was also passed upon by the Supreme Court in the case of the *Fleming, Rec.,* v. *State, ex rel.,* 134 Ind. 672, where the ·court say: "It seems to be settled that a receiver, as a general rule, can neither sue nor be sued, without leave of the court making the appointment is first obtained. This court in the case of *Vigo Real Estate Co.* v. *Reese,* 21 Ind. App. 20, say: "It is the law that a receiver can not sue or be sued without leave of the court making the appointment being first obtained," etc. See also *Hatfield* v. *Cummings, Rec.,* 142 Ind. 350; *Gainey* v. *Gilson, Rec.,* 149 Ind. 58. The reasons why this rule obtains are fully set out in the cases above cited, and it is not necessary that we prolong this opinion by repeating them. Nor is it necessary that we construe the case of the *Ohio, etc., R. Co.* v. *Nickless,* 71 Ind. 271, as the cases quoted from are later cases, and, if they establish a different doctrine, are controlling. It is provided by Congress "That every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice." 24 U. S. Stat. at Large, 554, §3.

We can not presume that the receiver in this case was appointed by a United States Court. An averment that he was so appointed would have been sufficient, and would have avoided the other objection to the complaint that leave to sue had not been first obtained. Under the authorities in this State, we must hold that in the absence of the averment in each paragraph of the complaint that leave to bring the action had been granted by the proper court, both paragraphs of the complaint were insufficient. The judgment is

therefore reversed, with instructions to the lower court to sustain appellant's demurrer to each paragraph of the amended complaint.