PEIRCE, RECEIVER, *v.* JONES.

[No. 3,003. Filed March 9, 1900.]

RECEIVERS.—*Railroads.*—*Complaint.*—A complaint against a receiver of a railroad company which does not aver that leave was obtained to sue, or that the receiver was appointed by a federal court, is insufficient.

From the Tipton Circuit Court. *Reversed.*

*C. A. Schmettau, A. B. Clark* and *C. Brown,* for appellant.

*B. F. Harness, G. H. Gifford* and *J. R. Coleman,* for appellee.

WILEY, C. J.—Appellee's wife was injured while crossing the tracks of the Toledo, St. Louis & Kansas City Railroad, where it intersects a certain street in the city of Kokomo. The complaint is in two paragraphs, and alleges that the injury was occasioned by the negligence and carelessness of appellant while operating a train upon said railroad. It is not necessary for us to state the acts of negligence charged, for no question is raised as to the sufficiency of the complaint upon that ground. The only part of the complaint referring to or defining the official capacity of appellant, Peirce, is as follows: "John A. Jones, plaintiff herein, complains of the defendant, Robert B. F. Peirce, receiver of the Toledo, St. Louis & Kansas City Railroad Company, and says that heretofore, to wit, prior to the month of January, 1895, said railroad company had been duly organized and incorporated, and as such corporation was the owner of a line of railroad running from the city of Toledo, in the state of Ohio, to the city of St. Louis and state of Missouri, —said line of road running and extending through the city of Kokomo, in the county of Howard, and State of Indiana; that on or about the 21st day of January, 1895, the defendant herein, Robert B. F. Peirce, was duly appointed receiver of said railroad company, with full power to manage, operate, and control the same, and was placed in possession of its property, and given entire charge of its business and affairs, and ever since his said appointment he has managed, operated, and controlled the affairs of said corporation, and is still acting in the capacity of such receiver; that he was so acting, and was so in charge of said corporation on the 11th day of July, 1895, at the time of the commission of the wrongs and grievances herein complained of." This quotation is taken from the first paragraph of the complaint. The second paragraph contains substantially the same alle-

gations. Appellant demurred to each paragraph of complaint, and the cause of demurrer assigned was that neither paragraph contained sufficient facts to constitute a cause of action. The demurrer was overruled. Appellant answered by general denial. Trial by jury, resulting in a verdict for appellee. Over appellant's motion for a new trial, judgment was pronounced on the verdict.

The only question presented by the assignment of errors and discussed by counsel is the sufficiency of the complaint. The complaint is silent upon the question of leave obtained to sue appellant in his official capacity, and there is no averment that the receiver was appointed by a federal court. For these omissions, it is argued that the complaint is lacking in material averments, and hence was insufficient to withstand a demurrer. Under the authorities in this State, such omission is fatal, and makes the complaint bad against a demurrer for want of facts. The question is so well settled that a discussion of it is unnecessary. *Keen* v. *Breckenridge*, 96 Ind. 69; *Wayne Pike Co.* v. *State*, 134 Ind. 672; *Real Estate Co.* v. *Reese*, 21 Ind. App. 20; *Hatfield* v. *Cummings*, 142 Ind. 350; *Gainey* v. *Gilson*, 149 Ind. 58; *Peirce, Rec.*, v. *Chism*, 23 Ind. App. 505; *Davis* v. *Ladoga, etc., Co.*, 128 Ind. 222.

There is no averment in the complaint that appellant is a receiver by virtue of an appointment by a United States court, and as we can not presume that he was so appointed, we cannot say that the pleader has brought himself within the provisions of the United States statute, which declares that a receiver so appointed may be sued in respect of any act or transaction of his in carrying on the business connected with the property under his control by virtue of his appointment, without previous leave of the court appointing him. This exact question was decided by this court in the case of *Peirce, Rec.*, v. *Chism, supra*.

Judgment reversed, and the court below is directed to sustain the demurrer to each paragraph of the complaint.