## TRETHEWAY ET AL. *v.* PEEK.

[No. 3,527. Filed December 12, 1901.]

APPEAL AND ERROR.—*Joint Assignment.*—An assignment of error in the following form: "The appellants severally and jointly aver that there is error in the judgment and proceedings in said cause in this," etc., is joint, and if bad as to one of the appellants is bad as to all. *p. 82.*

SAME.—*Bill of Exceptions.*—*Filing.*—Where it does not appear that what purports to be the bill of exceptions containing the evidence was signed by the judge before it was filed, the evidence is not in the record. *p. 82.*

From Vanderburgh Superior Court; *L. O. Rasch,* Special Judge.

Action by Clement Peek against George Tretheway and others for breach of garnishment bond. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*W. P. Miedreich* and *L. J. Herman,* for appellants.
*C. L. Wedding* and *W. S. Hurst,* for appellee.

COMSTOCK, C. J.—This action was brought by appellee against appellants before a justice of the peace for the breach of the conditions of a bond given in garnishment proceedings wherein appellant Tretheway sued appellee Peek upon an open account and had garnisheed $1,040 on deposit in a bank. Appellant Burtis was surety on the attachment bond. Judgment was rendered by the justice against appellee for $15, but the proceedings in garnishment were abandoned and judgment for costs on the attachment rendered against appellant Tretheway. In the action before the justice of the peace upon the bond, judgment was rendered in favor of appellee for $125. Appellant appealed to the superior court, where judgment was rendered in favor of appellee for $85. From that judgment this appeal is taken. The errors assigned are, that the court erred in overruling the separate plea in abatement of appellant Tretheway; in overruling the separate plea in abatement of appellant Burtis; in overruling appellants' motion for a new trial.

Counsel for appellee, before entering upon the discussion of the merits of the appeal, insist that the assignment of errors presents no question because it is joint. The language of the assignment is: "The appellants severally and jointly aver that there is error in the judgment and proceedings in said cause in this," etc. This assignment is joint as to the parties. Ewbank's Man. §138; Elliott's App. Proc. §38; *Sibert* v. *Copeland*, 146 Ind. 387, and cases cited. The position of appellee is, therefore, well taken.

The merits of the motion for a new trial can only be determined by an examination of the evidence. Counsel for appellee argue that the evidence is not properly in the record. It does not appear that what purports to be the bill of exceptions containing the evidence was filed after being signed by the judge. The evidence, therefore, is not before us.

Judgment affirmed.