## SCHULTE v. HOLTHOUSE DRUG COMPANY.

[No. 14,946.   Filed November 21, 1934.]

*Hubert R. McClenahan,* for appellant.

*Fruchte & Litterer,* for appellee.

SMITH, P. J.—Appellee brought this action against appellants on an account and in attachment for merchandise alleged to have been purchased by appellants from appellee. Complaint was in one paragraph, to which appellants filed an answer in general denial. The cause was submitted to a jury for trial, which returned a verdict in favor of appellee for the amount of the account, and judgment was rendered for appellee thereon.

Appellants seasonably filed their separate motions for a new trial, the only grounds therefor which raise

any question being that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. This ground appears in each of the motions for a new trial filed by appellants.

The appellants attempt to set out as grounds for a new trial the giving and refusing to give certain in-instructions, but none of the instructions is set out in the brief, and any question thereon is waived as none is presented.

No question is presented upon the admission of certain evidence as it is not sufficiently raised in the motion for a new trial, nor is any question presented thereon by appellants in their brief. The court overruled both motions for a new trial, and appellants jointly assigned as error the overruling of such motions.

Appellee asserts that, inasmuch as the motion for a new trial was separate, and the appellants have presented a joint assignment of error in this court, and are only urging error as to one appellant, no question is presented; and cites several authorities to this effect. In this contention the appellee is correct as a general proposition, but the evidence shows in this case that the appellants are husband and wife, and where this situation arises there is an exception to the general rule.

The general rule is that, if the errors affect the parties as individuals and not jointly, the proper practice is for each party to assign errors, for a joint assignment will not permit one of several parties to avail himself of errors alleged upon rulings which affect him alone, and not those with whom he unites in the assignment. In order to avail by a joint assignment of error, it must be good as to all who unite in it. *Elliott's Appellate Procedure*, sec. 318. However, there is an exception to this rule and that is, where a husband and wife are parties, a joint assignment of error will be good as to both of them, if it is good as to

the wife. *Elliott's Appellate Procedure,* also *Sibert et al.* v. *Copeland et al.* (1896), 146 Ind. 387, 44 N. E. 305.

The only question raised by appellants upon which they ask a reversal is that there is no evidence to sustain the verdict against appellant, Emma Schulte, wife of Paul Schulte; and, this being true, the verdict of the jury is not sustained by sufficient evidence as to both appellants, and should be set aside.

Under our law, this joint assignment of error, if good as to Emma Schulte, wife of her co-appellant, would avail as to the husband. In other words, if there is a total failure of proof to sustain the verdict against the wife, Emma Schulte, the fact that the question is raised by a joint assignment of error on the overruling of the motion for a new trial does not defeat the right of both appellants to a new trial herein.

This leaves us the sole question of whether there is any evidence to sustain the verdict against the appellant Emma Schulte; and, if there is, this judgment must be affirmed. The evidence shows that these appellants were the joint owners of certain real estate upon which had been constructed a golf course and club house. They entered into a contract for the use thereof with an organization known as the "Decatur Country Club," a corporation. The contract provided that the appellants give to the Decatur Country Club, and its individual members, the right to use and occupy the grounds and the buildings thereon for all proper club purposes, including golf, tennis, and other outdoor sports; and the appellants had the right and were to collect all membership fees and dues as prescribed by the by-laws of the club, and all greens fees, and all rentals of the club house, and grounds, which should be paid to a superintendent appointed by appellants, who would be under the control and supervision of appellants.

The evidence further shows that the appellant, Paul Schulte, under this contract employed another for a period of time to look after the grounds and the club on appellants' behalf; that during the time covered by the contract the merchandise sued for in this case was purchased upon credit by this employee or superintendent of appellants, and the charge was made and carried upon the books in the name of "Decatur Country Club." Payments were made upon the account, and it is. the balance due that is in suit.

The evidence further shows that at one time the appellant Paul Schulte talked with a representative of the appellee, and promised to pay the account.

Upon an examination of the whole record we hold that there is sufficient evidence to warrant a jury in finding a verdict against both appellants. They owned this land, golf course, and club house jointly, and made the contract with the Decatur Country Club jointly. There is sufficient evidence to warrant the jury in believing that, while the appellant Emma Schulte did not personally supervise the business, her co-appellant and husband was acting for and on her behalf.

The verdict of the jury is sustained by sufficient evidence, and is not contrary to law.

Judgment affirmed.