## THE ADVANCE MANUFACTURING COMPANY ET AL. *v.* AUCH.

[No. 3,267.    Filed December 18, 1900.]

APPEAL.—*Joint Assignment of Errors.*—Where three parties have joined in an appeal by the assignment of joint errors, and have filed a joint brief, it is too late for two of them to say that they decline to join in the appeal of their co-appellant. *p. 690.*

SAME.—*Joint Assignment of Error.*—A joint assignment of error must be good as to all the appellants who join therein, or it will not be good as to any. *pp. 690-692.*

WORK AND LABOR.—*Foreclosure of Laborer's Lien.—Complaint.*—In an action to recover for work and labor performed, and to foreclose a laborer's lien, if the complaint states facts sufficient to support a personal judgment, it will be good against a demurrer, although it may not state facts sufficient to justify a foreclosure of the lien. *pp. 690, 691.*

From the Marion Superior Court.    *Affirmed.*

*Robert Denny* and *G. W. McDonald,* for appellants.
*Joseph Collier,* for appellee.

WILEY, J.—Appellee was plaintiff below, and sued appellant and others to recover for work and labor performed for appellant, the Advance Manufacturing Company, and to foreclose a laborer's lien under the statute.    The complaint avers that on and for some time prior to November 6, 1896, the said manufacturing company, a corporation, was engaged in manufacturing and selling furniture, etc.; that it owned and used a large amount of machinery, tools, appliances, etc., describing them; that all of said machinery, etc., was located within the buildings and structures constituting the manufacturing plant, and that said buildings, etc., were located upon certain real estate, describing it.    The complaint also avers that for two years prior to said 6th of November, 1896, said manufacturing company had been and was hopelessly insolvent; that at no time from June, 1894, to November 6, 1896, or thereafter, was said

corporation solvent; that on said last named day said corporation executed a general deed of assignment to the appellant Kramer of all its property for the benefit of its creditors; that prior to said assignment, by a contract between said manufacturing company and appellee, which contract was made in 1894, appellee was to perform manual and mechanical labor for said appellant corporation at a fixed and stipulated price per day; that appellee performed all the duties required of him under said contract; that he performed such labor until said company ceased to operate its plant, shortly prior to said assignment; that the last eighteen days' labor so performed by him has not been paid for; that said labor is of the reasonable value of $37.16, and that by reason thereof said company is indebted to him in said sum, which is due and unpaid. The complaint avers that the Indianapolis Engine Company and appellants Neerman and Kramer each claim to have some interest in, title to, and lien upon the said property of said manufacturing company, but that such interest, title, and lien, if any, is inferior to appellee's lien for work and labor, and that said engine company and appellants Neerman and Kramer are made defendants to answer to their said interests. The prayer of the complaint is for judgment against the Advance Manufacturing Company, that said sum be declared a lien against the said property described; that said property be sold, and out of the proceeds, after the payment of costs, his claim be paid, and that the right, title, and lien of all of said defendants (appellants) be forever barred, etc.

Each of the original defendants answered separately, the answer of Kramer being in two paragraphs, and that of the manufacturing company and Neerman in four paragraphs. A demurrer to the second paragraph of Kramer's answer, and to the second and third paragraphs of Neerman's and the manufacturing company's answers, was overruled, and a separate demurrer to the fourth paragraphs of answer of the last two named appellants was sustained.

The appellee replied to these several second and third paragraphs of answers in three paragraphs, to the second and third of which separate demurrers were sustained. Upon the issues thus joined, the cause was tried by the court, resulting in a finding and judgment for appellee. The appellants moved separately for a new trial on the ground that the decision was not sustained by sufficient evidence and was contrary to law. This motion was overruled. The assignment of errors is joint, and is as follows: "The appellants say there is manifest error in the judgment and proceedings in this cause in this: (1) The complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in sustaining the demurrer of appellee to the fourth paragraph of the separate answer of the Advance Manufacturing Company to the amended complaint; (3) the court erred in sustaining the demurrers of appellee to the fourth paragraph of the separate answer of Gustave A. Neerman, trustee, to the amended complaint; (4) the court erred in overruling the motion of the Advance Manufacturing Company for a new trial; (5) the court erred in overruling the motion of Gustave A. Neerman, trustee, for a new trial; (6) the court erred in overruling the motion of Andrew Kramer, assignee of the Advance Manufacturing Company, for a new trial."

The record shows that all of the appellants prayed an appeal in term time, which was granted upon filing an appeal bond. Appellant, the Advance Manufacturing Company, filed an appeal bond, but neither of the other appellants did. The bond filed shows that the manufacturing company appeals from the judgment rendered against it. The appeal bond was filed July 26, 1899, and the record lodged in this court September 22, 1899. The record shows that the assignment of errors was made when the transcript was filed. Appellants' brief was filed November 28, 1899. September 26, 1900, appellants, the Advance Manu-

facturing Company, and Kramer, assignee, filed an original paper in this court in which they "decline and refuse to join in the appeal of Gustave A. Neerman, trustee, * * * and pray that they may not, in any event, be further considered as appellants or parties to the appeal herein."

It is urged by counsel that this paper disposes of the case so far as the Advance Manufacturing Company and Neerman are concerned. We can not take this view of it, unless we treat the paper as a dismissal of the appeal on their part, and this we can not do. As to the right of one or more co-appellants to dismiss his or their appeal, there is no doubt; but here, after all three appellants have appealed and they all have assigned joint errors and filed a joint brief, it is too late for two of them to say that they decline to join in the appeal of their co-appellant. So we must disregard this declination to join in the appeal, and dispose of the case upon the record as though no such paper had been filed.

The first error assigned is that the complaint does not state facts sufficient to constitute a cause of action. As we have seen, the assignment of errors is joint, and it is settled by repeated decisions that a joint assignment of error must be good as to all the appellants who join therein or it will not be good as to any. · *Sibert* v. *Copeland,* 146 Ind. 387; *Armstrong* v. *Dunn,* 143 Ind. 433; *Carr* v. *Carr,* 137 Ind. 232; *Board, etc.,* v. *Fraser,* 19 Ind. App. 520; *Supreme Council, etc.,* v. *Boyle,* 15 Ind. App. 342; *Shick* v. *Citizens, etc., Co.,* 15 Ind. App. 329; *Killian* v. *State,* 15 Ind. App. 261. The complaint is assailed for the first time in this court. The complaint avers that appellee was employed by appellant, the Advance Manufacturing Company, to perform certain manual and mechanical labor for it; that he performed such labor; that it was of a certain value; that the amount claimed was due and unpaid; and a demand is made for judgment in said sum; and that the sum found due be declared a lien, etc. If we concede that

the complaint is insufficient to enforce a laborer's lien under the provisions of our statute, yet it is sufficient to authorize a personal judgment against appellant manufacturing company, and in such case the complaint would state a cause of action against it, and if it does not state a cause of action against appellants Neerman and Kramer, they can not avail themselves of the insufficiency of the complaint as to them, under the joint assignment of errors. In *Clark* v. *Maxwell*, 12 Ind. App. 199, this court held that in an action to foreclose a mechanic's lien that if the complaint failed to state facts sufficient to justify a foreclosure of the lien, but did state facts sufficient to support a personal judgment, it would be good even against a demurrer. In *Bertha* v. *Sparks*, 19 Ind. App. 431, it was held that where enough facts are stated in the complaint to bar another action for the same cause, it will be held sufficient against an attack for the first time in the appellate tribunal. See, also, *Harris* v. *State*, 123 Ind. 272. Under the authorities cited, the complaint stated a cause of action against appellant manufacturing company. This being true, the joint assignment of error challenging the sufficiency of the complaint is unavailing as to the co-appellants, even if no cause of action is stated against them; and as to whether it does or not, we express no opinion.

The other specifications in the assignment of error seek to have reviewed the action of the court in overruling the separate demurrers to the fourth paragraphs of the separate answers of appellants, the Advance Manufacturing Company and Neerman, and the overruling of the separate motions for a new trial of all the appellants. Where appellants jointly assign error questioning rulings made on separate demurrers, or overruling separate motions for a new trial, such assignment does not present any question for decision.

The second specification of the assignment of errors affects only the Advance Manufacturing Company; the third

affects only the appellant Neerman; the fourth affects only the appellant manufacturing company; the fifth affects only appellant Neerman, and the sixth affects only appellant Kramer. It has often been held by both this court and the Supreme Court, that a joint assignment of error by several appellants presents no question as to a ruling against one of the appellants, and which constitutes error against one only. *Sparklin* v. *Wardens, etc.,* 119 Ind. 535; *Arbuckle* v. *Swim,* 123 Ind. 208; *Walker* v. *Hill,* 111 Ind. 223; *Orton* v. *Tilden,* 110 Ind. 131; *Hochstedler* v. *Hochstedler,* 108 Ind. 506; *Tucker* v. *Conrad,* 103 Ind. 349; *Hubbard* v. *Bell,* 4 Ind. App. 180. In the last case, this court, by Black, J., said: "The error assigned must be available in favor of all who join in the assignment. A ruling which does not affect all who jointly assign it as error, will not be considered. A separate error against one of the several appellants is not presented by a joint assignment of all."

As the record comes to us, it does not present any reversible error. Judgment affirmed.