NORMAN A. CURTIS ET AL. V. D. M. OSBORNE & COMPANY.

FILED FEBRUARY 19, 1902.   No. 11,103.

1. **Homestead Right:** WAIVER. The right of homestead is a personal privilege, and will be deemed waived, unless asserted before a sale of the premises, where those entitled to claim the right have been parties to the proceedings resulting in the sale, where those proceedings have been adversary in their character, and where there has been an opportunity to assert the right of homestead. *Brownell v. Stoddard,* 42 Nebr., 177.

2. **Decree of Foreclosure:** APPRAISEMENT: DEDUCTING LIEN: PURCHASER AND GRANTEE ESTOPPED. Where land is sold in pursuance of a decree of foreclosure, and in the appraisement a judgment lien thereon is deducted as a prior incumbrance, and the mortgagee purchases the land at the sale subject to such judgment lien, neither he nor his grantee can be heard to question the validity of such lien, and the land may be resold on execution in satisfaction of such lien.

3. **Sale:** CONFIRMATION: WIFE OF MORTGAGEE: DEED FROM MORTGAGORS: HOMESTEAD EXEMPTION: LIEN DEDUCTED. After sale, and before confirmation, the wife of the mortgagee obtained a deed of the mortgaged premises from the mortgagors, who occupied it as a homestead. The sale under the decree afterwards being confirmed, and the mortgagors' title thereby divested, *held,* that such transaction did not change the rule, and that the mortgagee, as purchaser at the judicial sale, and his grantee, could not, for that reason, be heard to assert the homestead exemption of the mortgagors to defeat the judg-

ment lien deducted in the appraisement from the value of the premises as a prior incumbrance.

4. **Joint Petition in Error:** ASSIGNMENTS. Where a joint petition in error is prosecuted by two plaintiffs, and the assignments of error can not be sustained as to each, they must be overruled as to both.

ERROR from the district court for Dixon county. Tried below before EVANS, J. *Affirmed.*

*Kingsbury & McMaster,* for plaintiffs in error.

*McCarthy & Pearson, contra.*

HOLCOMB, J.

The plaintiff below, defendant in error, brought an action in ejectment to recover possession of certain real estate, making plaintiffs in error defendants in the action. A trial to the court after issues were formed, without the intervention of a jury, resulted in findings favorable to the plaintiff, on which, after the overruling of a motion for a new trial, judgment was duly rendered. The defendants prosecute error.

The plaintiff claims title to the real estate by virtue of a purchase thereof at execution sale, the execution being issued on a judgment in its favor and against one Gibbs, who, prior to the sale under the execution, had been the owner of said land. It is disclosed by the record that plaintiff's judgment was obtained in 1893 before a justice of the peace, a transcript of which was duly filed in the office of the clerk of the district court, and thereby apparently became a lien on the real estate of the judgment debtor. The judgment debtor and owner of said land executed two mortgages on the real estate in controversy to the plaintiff in error Halstead, one of which, because of a default being made in its terms, was foreclosed by the mortgagee. In the foreclosure proceedings the defendant in error, Osborne & Co., in whose favor the judgment was rendered, was not made a party. After obtaining a decree in the foreclosure

suit, the land was duly appraised for judicial sale, and in
making the appraisement the judgment lien of Osborne &
Co. was by the appraisers treated as a prior incumbrance
on the land, and the amount thereof deducted accordingly
from the gross value placed on the land, for the purpose of
determining the interest therein of the mortgagor and judg-
ment debtor.  To this appraisement no exceptions were
taken or objections made by any one in interest.  The
mortgagee Halstead became the purchaser of the real es-
tate under the decree in his favor, and upon his application
the sale was duly confirmed, and a sheriff's deed to the
property, executed in pursuance of an order of the court,
was duly made and delivered to him.  The property was
sold by Halstead to his coplaintiff in error, Curtis, and the
usual warranty deed executed conveying the land to the
grantee therein named.  It also is disclosed by the record
that prior to the confirmation of sale, but after it was
made, the mortgagors and judgment debtor executed in due
form a warranty deed for the said real estate in favor of
the wife of the mortgagee and purchaser at the sale made
in pursuance of the decree of foreclosure.  Nothing ap-
pears to have been done with this deed until the property
was levied on by virtue of the execution in favor of Osborne
& Co. some time thereafter, when it was recorded in the
office of the register of deeds.  It is now contended by the
plaintiffs in error that the land in controversy was the
homestead of the mortgagor and judgment debtor, and was
not subject to the lien of the judgment of Osborne & Co.,
and that by virtue of the conveyance from the mortgagors
to the wife of the mortgagee and the subsequent conveyance
by the mortgagee and wife to Curtis, one of the plaintiffs
in error, he obtained title thereto free from any lien thereon
by virtue of the judgment in favor of Osborne & Co. The de-
fendant in error argues that Curtis's title is derived from
his coplaintiff in error, Halstead, who in turn acquired
title by virtue of the proceedings in foreclosure instituted
by him, and the sale to him in satisfaction thereof, and the
sheriff's deed executed in pursuance of the sale and con-

firmation, and that, having obtained the land by a purchase subject to the plaintiff's lien, which was by the appraisers deducted from the gross value as a prior incumbrance, neither he nor his grantee can now be heard to say that the judgment was not a valid lien on said land.

Herein, as we view the record, lies the only controversy of a substantial character existing between the parties. If Halstead acquired title to the land by virtue of the sale thereof under his decree of foreclosure, wherein, by the acts and acquiescence of all parties in interest the lien of the judgment of Osborne & Co. was given priority, and the land sold subject thereto, neither the purchaser, Halstead, nor his grantee, Curtis, can now be heard to question the validity of the prior lien so found to exist thereon, and which the property was sold subject to. While it is entirely clear that the land, prior to its sale under the decree of foreclosure, was the homestead of the mortgagor and judgment debtor and exempt from the lien of the judgment while owned and occupied by Gibbs, it does not necessarily follow that others can be heard to assert its exempt character, and especially those purchasing subject to the lien, as did the plaintiff in error Halstead, as well as Curtis, who succeeded to his title as his grantee. "The right of homestead is a personal privilege and will be deemed waived unless asserted before a sale of the premises, where those entitled to claim the right have been parties to the proceeding resulting in the sale, where those proceedings have been adversary in their character, and where there has been an opportunity to assert the right of homestead." *Brownell v. Stoddard,* 42 Nebr., 177. To the same effect is *Rector v. Rotton,* 3 Nebr., 171 and *McHugh v. Smiley,* 17 Nebr., 620. Treating the two plaintiffs in error, who are complaining of the judgment below, as having derived title to the land in controversy through and by virtue of the foreclosure proceedings instituted by Halstead, wherein the sale of the property was made subject to the lien of the judgment creditor, it is quite obvious that neither he nor his grantee can now be heard to question the

validity of the lien deducted from the value of the land as a prior incumbrance. It is unnecessary that we should enter into any discussion of this phase of the case because of the numerous rulings and decisions of the court heretofore made on the same subject.

The case of *Farmers' Loan & Trust Co. v. Schwenk,* reported in 54 Nebr., 657, is quite analogous to the one at bar. A number of prior decisions are therein referred to and quoted from, and it is there held that: "Where, under a decree foreclosing one of two mortgages of equal priority given to plaintiff in one transaction and covering the same lands, the appraisers erroneously deducted from the value of the premises the amount of a judgment as a senior lien, the plaintiff, being the purchaser at the foreclosure sale, can not be heard, in a subsequent action by him to foreclose the other mortgage, to assert that such judgment was the junior lien." Applying the doctrine deducible from the above case and the many others therein cited, the conclusion is irresistible that where one having a mortgage lien on real estate exempt as the homestead of the mortgagor, and against whom a certain judgment exists which would be a lien on the real estate except its exempt character is seasonably asserted, and who procures the sale of the property to be made subject to the judgment lien, which is treated as prior to the mortgage lien, and the property purchased by the mortgagee at the judicial sale made in pursuance of the decree in the proceedings, and subject to such judgment lien, can not afterwards, nor can his grantees, be heard to assert that such lien was and is invalid because of the homestead character of the premises in the hands of, and while occupied by, the mortgagor and judgment debtor.

Having disposed of the above branch of the case to our satisfaction, we next consider what force and effect, if any, should be given to the warranty deed executed by the mortgagors, Gibbs, on their homestead to the wife of the mortgagee, after the sale of the property, but before the confirmation of the sale. Curtis, the grantee of Halstead,

testifies that he knew nothing about this conveyance, until
it was recorded in the county clerk's office January 11,
1898, and after the land had been levied on by virtue of the
execution issued on the judgment in favor of Osborne & Co.
The sale under the decree of foreclosure was made March
15, 1897. The sale was confirmed, and a sheriff's deed was
executed to the purchaser, Halstead, May 10, 1897. Hal-
stead and his wife executed a deed of general warranty to
the grantee, Curtis, April 29, 1897. The sheriff's deed was
recorded the day of its execution, May 10, and the deed
from Halstead and wife to Curtis the day following. Cur-
tis testifies that he bought the land of the mortgagee, Hal-
stead, and had no knowledge of his wife having a deed
therefor; that he knew of the foreclosure proceedings, and
that at the time he made the bargain he thought Halstead
had a sheriff's deed therefor. In view of these facts, which
are undisputed, we think the trial court was justified in
finding, as he did, in favor of the validity of the judgment
lien. It may fairly be presumed that the deed from Hal-
stead and his wife to Curtis was not delivered the day of
its date, as ordinarily would be the case, but was delivered
at the time or subsequent to the execution of the sheriff's
deed as evidence of the title of the grantor, and the two
instruments recorded in their proper order, showing a reg-
ular chain of title. The deed given by the mortgagors to
the wife of the mortgagee, so far as it might perform any
useful purpose in conveying title in the land to Curtis,
seems to have been an after-thought, and brought to light
more for the purpose of defeating the lien of the judgment
creditor rather than as being the instrument conveying any
title in the premises to Halstead's grantee, Curtis. The
mortgagors and their grantee, pending the foreclosure
order, were bound by the adjudication therein made to the
same extent as the plaintiff mortgagee. The foreclosure
proceedings were in no wise abandoned, but carried to a
final conclusion and the title of the mortgagors wholly de-
vested thereby, irrespective of the conveyance to the wife,
which, whatever might have been its purpose at the time of

its execution, was not relied on by either of the parties to the transaction who are now complaining. This is made manifest because the grantee, Curtis, had no knowledge of the existence of the deed to the wife of Halstead, nor was the same ever delivered to him. The first knowledge he had of it was when it was placed on record in the office of the register of deeds. While this is true of Curtis, the facts and circumstances operate far more strongly against his co-plaintiff in error, Halstead. The latter was a party to the foreclosure proceedings. He prosecuted his suit to final decree and confirmation of sale, at which he became the purchaser. He became thereby bound by all the proceedings had in that case. He became the owner absolutely of all the interest of the mortgagors in the premises in controversy, subject only to the lien of the judgment of Osborne & Co., which, by those proceedings, was fixed as a prior incumbrance, and subject to which he acquired title. *Lyons v. Godfrey,* 55 Nebr., 755. Halstead and his grantee, Curtis, have joined in the prosecution of a petition in error. Halstead is not in a position to claim error only on the theory that the judgment affects some of his substantial rights as a mortgagee or as the purchaser at the judicial sale made in the foreclosure proceedings. As we have seen, he is not in a position to complain, having purchased the property subject to the judgment lien; and, it thus appearing that the record is without error as to him, the petition in error can not be sustained as to both plaintiffs, and therefore must be overruled as to both. *Moseman v. State,* 59 Nebr., 629.

In any view of the record, which may properly be taken, the finding of the trial court is supported by the evidence, which is practically undisputed, and the judgment rendered thereon is a necessary conclusion by a correct application of the principles of law heretofore adverted to. The judgment therefore should be, and accordingly is, in all things

AFFIRMED.