## TURNER v. HAMILTON.

### APPEAL AND ERROR—FINAL ORDER.

1. An order sustaining a demurrer to the petition is not a judgment or final order in the action upon which to base a proceeding in error.
2. Where a demurrer to the petition has been sustained, but no judgment has been rendered in the action, no case is presented for review in the Supreme Court on error.
3. In an election contest nothing is presented for review in the Supreme Court on error, where a demurrer has been sustained to the petition, but final judgment has not been entered.

[Decided March 19, 1902.]

ERROR to District Court, Natrona County, HON. CHARLES W. BRAMEL, Judge.

This was an election contest. The petition was demurred to and the demurrer was sustained. A motion for rehearing on the demurrer was filed and denied. The plaintiff excepted to the rulings. No judgment was rendered in the action. Plaintiff brought the case here on error.

*Alex T. Butler,* for plaintiff in error.

A ruling sustaining a demurrer on the ground that the petition fails to state facts sufficient to constitute a cause of action is a final order. (Williamson v. Kansas & T. Coal Co., 50 Pac., 106.) Statutes providing for appeals are remedial and to be liberally construed. (Brown v. Evans, 18 Fed., 56; Rutherford v. Ins. Co., 1 Fed., 456.) This being an election contest and not a civil action or equity case, it is a special proceeding under the statute definition of such a proceeding. (6 Colo., 340.) Defendant's pleading was called a demurrer, but was in fact an answer, and brought up for consideration the facts and the law, and this is particularly true of an action of this kind. In an election contest such a ruling as was made in this case is a final order. (Watson v. Mayberry, 49 Pac., 479.) Whether a decree is final or not is determined on a consideration of what was done, and not by the name of the proceeding. (Potter v. Beal, 50 Fed., 860; 6 Dak., 94; Lloyd v. Sullivan, 24 Pac., 218.) Plaintiff was refused leave to amend her petition. This was an abuse of discretion. (R. S., Sec. 3585; id., 3588, 3590; Clark v. Clark, 20 O. St., 128; Brock v. Bateman, 25 id., 609; Sawin v. Pease, 6 Wyo., 91; Sch. Dist. v. West. Tube Co., 5 Wyo., 185.) The plaintiff would have been obliged to suffer judgment on her original pleading without amendment; and nothing was left but to appeal. There was nothing more for the court to do in the case. Hence an appeal lies. (Greely v. McCoy, 54 N. W., 659 (Mich.); Yaple Pl., Vol. 1, p. 1.)

*Fred D. Hammond* and *W. R. Stoll,* for defendant in error.

There is only one point necessary to be considered to dispose of this case. It is the absence of any judgment or final order in the case.

That this court can reverse, vacate or modify only upon a judgment or final order being made in a case like the one at bar, is the express provision of Sec. 4249, R. S., Wyo.; and the definition of a final order is given in Sec. 4247, R. S., Wyo. A mere glance at the record and these sections is all that is necessary to see that there is nothing before this court to reverse, vacate or modify.

It is deemed unnecessary to cite any authorities, but the following are referred to as cases in which this question has been passed upon, and the law repeatedly announced by this court to the effect that an appeal will lie to this court only when a final judgment has been rendered in the case or a final order made therein as defined by Sec. 4247, R. S., Wyo. (Menardi v. O'Malley, 3 Wyo., 327; Gramm v. Fisher, 3 Wyo., 595; Gramm v. Fisher, 4 Wyo., 1; Kahn v. Traders' Ins. Co., 4 Wyo., 419; Daley v. Anderson, 7 Wyo., 1.)

KNIGHT, JUSTICE.

Attorney for plaintiff in error in his second brief filed in this court makes the following statement of his case, which seems to be correct as far as it goes, and is as follows:

"This action was originally commenced by plaintiff in error filing her petition in the District Court. Defendant in error demurred to the petition on the grounds (among others) that the petition failed to state facts sufficient to constitute a cause of action. The trial court sustained the demurrer, to which ruling plaintiff excepted."

Thereafter defendant in error, by brief filed, calls attention to the record of the trial court wherein rule 11 of this court is violated by a failure to number the pages thereof, nor are the pages of the transcript of the journal numbered, violating the requirements of rule 12 of this court, and other errors on the face of the record.

Attention is also called to the fact that no judgment or final order has been rendered from which this appeal is taken under the provisions of our statutes, and cites the ruling of this court in Menardi v. O'Malley, 3 Wyo., 327; Gramm v.

Fisher, 3 Wyo., 595; Kahn v. Traders' Ins. Co., 4 Wyo., 419; Gramm v. Fisher, 4 Wyo., 1. Sec. 4249 (formerly 3128) of our statutes is as follows: "A judgment rendered or final order made by the District Court may be reversed, vacated or modified by the Supreme Court for errors appearing on the record."

In Menardi v. O'Malley *supra* this court made use of the following language: "The record presents nothing upon which this court can act. Judgment was not rendered for the defendant upon the sustaining of the demurrer, and no final order within the meaning of Section 3128 of the Code of Civil Procedure appears to have been made. The order sustaining the demurrer did not in effect determine the action and prevent a judgment." Thereafter plaintiff in error filed a brief on motion to dismiss appeal. As there was no motion to dismiss appeal, the brief was intended no doubt as a reply brief, and it was from this brief that the statement of the case *supra* was obtained, and for the first time attempted by plaintiff in error, except as briefly referred to in a motion for speedy hearing. To avoid the claim made by defendant in error that this case falls within the construction of our law, as announced in the several cases referred to, that there must be a judgment or final order from which to appeal, neither of which appear in this case, attorney for plaintiff in error in his last brief says:

"Plaintiff in error is familiar with the rule of this court as laid down in the decisions referred to in defendant in error's brief, but this is not a civil or equity case, but an election contest, a special proceeding, to which the cases defendant refers have no application, any more than they would in an insane case or probate ruling."

A contention that one appealing to the courts under the provisions of the probate code was not bound by the statutory requirements in civil actions was decided at the present term of this court in Ullman v. Abbott, 67 Pac., 469, and the reasoning in that case is broad enough to obviate the necessity of saying more upon the contention here made, as above set out.

The plaintiff in error has no standing in this court. The sustaining of the demurrer and the refusing to grant permission to amend the petition was not such a judgment rendered or final order made as entitled plaintiff in error to maintain this action in this court. The petition in error will be dismissed.                                    *Dismissed.*

Potter, C. J., and Corn, J., concur.