## GREENAWALT ET AL. v. NATRONA IMPROVE-MENT COMPANY.

APPEAL AND ERROR—NUMBERING PAGES OF RECORD—PARTIES—JOINT PETITION IN ERROR—JOINT ASSIGNMENTS OF ERROR.

1. The failure to properly arrange and number the pages of the record is not ground for dismissal until after the non-compliance with an order of court requiring re-arrangement or numbering.

2. An order sustaining a demurrer to the petition of an intervenor, the petition having been filed by permission of the court, is not a judgment or final order from which an appeal will lie.

3. A joint assignment of error not good as to all joining therein cannot be sustained as to any of them.

4. A party's individual rights may be preserved upon a several or joint assignment of error, but, if the error be jointly assigned, the relief, if any, is also joint, and, if each party so joining is not entitled to the relief, the assignment must be overruled.

5. Errors jointly assigned in a joint petition in error complaining of a judgment against one of such joint parties only cannot be sustained as to any of the parties.

6. A judgment against the plaintiff alone was complained of by a petition in error filed by him jointly with an intervenor, to whose petition, filed by the court's permission, a demurrer had been sustained, but against whom no judgment had been rendered; and the errors were jointly assigned. *Held,* that since there was no right of appeal in the intervenor, and the assignments of error were joint, the judgment must be affirmed.

[Decided December 28, 1907.]                (92 Pac., 1008.)

ERROR to the District Court, Natrona County, HON. CHARLES E. CARPENTER, Judge.

The facts are stated in the opinion.

*Alex. T. Butler,* for plaintiff in error.

The court erroneously quashed the summons upon Earnest, since it complied with the statute requirements,

and his appearance was general.  (Honeycutt v. Nyquist, 12 Wyo., 183.)   Actions for money judgment and foreclosure of lien may be joined.  (2 Yaple's Code Pl., 1102.) Without a showing, a default cannot be set aside.  (Myer v. Kelly, 47 Pac., 1063.)   A joint judgment may be entered against defendants served and in default, though other defendants are not served.   (9 Pac., 727; Lyon v. Page, 21 Mo., 104; Bank v. Field, 19 Wend., 643; Butler v. Stump, 7 Ky., 387.)   Money due on a stock subscription is due on a contract.   (Norris v. Wrenschall, 34 Md., 492; 27 Pac., 1031.)

Any person may intervene, when his interest requires it, prior to final decree.   (Snodgrass v. Holland, 6 Colo., 596.)   In a suit by a contractor against the owner to enforce a mechanics' lien, a sub-contractor may intervene. (Pool v. Sanford, 52 Tex., 621.)   All persons whose liens are filed as the statute provides, upon application to come in at any time before final judgment, and, by an answer in the nature of a cross petition, may set forth his claim and ask to have the same foreclosed.   (Johnson v. Keeler, 46 Kan., 304.)

The court should have given a judgment following the prayer of the petition.   The defendant by his default admits the justice of the claim, and thus consents that judgment be taken against him for what is prayed for in the petition.   (Lowe v. Turner, 1 Ida., 107; Burlin v. Goodman, 1 Nev., 314; Lamping v. Hyatt, 27 Cal., 99.)

The judgment rendered for the defendant is contrary to law, in that plaintiff in error, Greenawalt, had a duly filed lien, a verified petition, and duly filed reply.   There was not sufficient facts before the court to support a judgment for the defendant.   Default may be entered for value of services rendered.   (Whereatt v. Ellis (Wis.), 30 N. W., 520.)

*E. D. Norton,* for defendants in error.

The summons against Earnest was properly quashed, as he was not named as defendant in the petition.   A stock-

holder is not liable for the debts of a corporation until the
liability of the corporation has been established. Exhibits
are not to be considered as a part of the pleading to which
they are attached. A perusal of the petition of the inter-
venor conclusively shows that it does not state a cause of
action against the defendants. The action of plaintiff is
for the foreclosure of a mechanics' lien founded on a
written contract, to which the intervenor is not a party,
nor does the record disclose that he ever filed a lien as sub-
contractor. The said petition for intervention simply dis-
closes the fact that the intervenor has a cause of action or
grievance against the plaintiff solely, and not against the
defendants.

SCOTT, JUSTICE.

This action was commenced in the district court of Na-
trona County by Greenawalt, one of the plaintiffs in error,
as plaintiff, against the Natrona Improvement Company
et al., defendants in error, as defendants, to foreclose a
mechanics' lien. After the amended petition, answer and
reply had been filed, Hufman was permitted to file his
petition of intervention. Thereafter a demurrer to Huf-
man's petition was filed, argued and submitted, and the
court sustained the demurrer, to which ruling Hufman
excepted; and no further or amended pleading was filed
by him nor was the ruling upon the demurrer followed by
any judgment against him. At the time set the case was
regularly called for trial and upon motion the court gave
judgment for the defendants and against Greenawalt upon
the pleadings. Greenawalt and Hufman bring error.

1. The defendants in error have filed a motion to dis-
miss the proceedings in error on the grounds, first, that
the pages of the record have not been numbered in accord-
ance with the requirements of the rules of this court; and,
second, that the statement of the points and authorities
relied upon in plaintiffs in error's brief does not refer
specifically to the page and portion of the record where the
question under discussion arises.

This court has held that a failure to comply with these rules is not ground for dismissal in the first instance. (Harden v. Card, 14 Wyo., 479 (85 Pac., 246.) In that case it is said: "The rules provide that the court may, of its own motion, or upon motion of the defendant in error, enter an order requiring that the papers be properly arranged, or the pages numbered within a specified time, and that for a failure to comply with such order the cause may be dismissed in the discretion of the court." No such order has been made in this case, and it necessarily follows that the motion must be and is hereby denied.

2. Both Greenawalt and Hufman are designated in the title of the petition in error as plaintiffs in error. The petition was filed in this court on April 6, 1907. Its opening words are, "Plaintiffs in error say that at the January, 1907, term of the district court, Second judicial district, in and for Natrona County, the State of Wyoming, on the 26th day of February, A. D. 1907, being one of the regular days of said January, 1907, term of said district court, said defendants in error recovered a judgment by the consideration of said court, against said plaintiffs in error, in an action wherein J. L. P. Greenawalt and A. S. Hufman were plaintiffs and the Natrona Improvement Company and Boney Earnest et al. were defendants, a transcript of the docket, and journal entries whereof, is filed herewith, as made and provided by the statute in such case.

"The said plaintiffs in error claim that there is manifest error in the records and proceedings of said court filed herewith and made a part hereof, to-wit:" and then follows the various assignments of error. Neither in the title nor body of the judgment does Hufman's name appear. The judgment complained of is against Greenawalt alone and in favor of the defendants, and Hufman is not a party thereto. The petition in error and the assignments of error are joint, and prosecuted and made jointly by Greenawalt and Hufman, and the prayer is for joint relief.

Hufman's appearance in the case was as intervenor, and his right to be heard must on the record be based solely on

the order of the court sustaining the demurrer to his peti-
tion. Such an order is neither a judgment nor a final order
within the provisions of our statute from which an appeal
will lie, and it has been so held by this court in Menardi v.
O'Malley, 3 Wyo., 327, and Turner v. Hamilton, 10 Wyo.,
177. Had he filed a separate petition in error and served
his assignments he would, under these decisions, have had
no standing in this court and his petition would in such
case have to be dismissed. Greenawalt having joined with
Hufman in prosecuting joint assignments of error, the
question is presented as to whether the assignments so
made entitle him to have them reviewed in this court. With
reference to a joint motion for a new trial this court an-
nounced the rule in North Platte Milling Co. v. Price, 4
Wyo., 293-306, as follows: "The motion for a new trial
is a joint motion of both plaintiffs in error. It is clear
that the overruling of the motion was right as to the North
Platte Milling and Elevator Company * * *. What-
ever the law might be as to the Wyoming National Bank
on a separate motion for a new trial, the joint motion was
properly overruled." In Hogan v. Peterson, 8 Wyo., 549-
564, this court said: "It is difficult to comprehend upon
what theory any verdict was rendered against Hogan and
Chandler. * * * Had they presented a separate motion
for a new trial, they would have been entitled to the vaca-
tion of the judgment against them. * * * For the
reasons above set forth Mr. Fourt (one of the defendants)
was not entitled to a new trial. The motion for a new trial
being properly overruled as to him, and the motion being
a joint one of all the plaintiffs in error, it must be held to
have been properly overruled as to the others also." This
rule applies with like force and effect to a joint assignment
of error. In Gordon v. Little, 41 Neb., 250 (59 N. W.,
783), the court say: "A joint assignment of error not good
as to all who joined therein will be held bad as to all."
That court said in Curtis v. Osborne, 60 Neb., 708 (89 N.
W., 420): "Halsted and his grantee, Curtis, have joined

in the prosecution of a petition in error.  Halsted is not in a position to claim error only on the theory that the judgment effects some of his substantial rights as a mortgagee or as a purchaser at the judicial sale made in the foreclosure proceedings.  As we have seen, he is not in a position to complain, having purchased the property subject to the judgment lien; and it thus appearing that the record is without error as to him, the petition in error cannot be sustained as to both plaintiffs and, therefore, must be overruled as to both."  As already stated, no judgment was rendered against Hufman on the demurrer and there was nothing from which he could appeal.  In Board of Commissioners v. Fraser, 19 Ind. App., 520 (49 N. E., 42), the appellate court of Indiana say:  "The demurrer of Smith having been sustained, and judgment rendered against the board of commissioners alone, Smith was not harmed by the action of the court.  There is no error of which he could complain or from which he could appeal.  The assignments being joint, and not being good as to one of the appellants, must fail as to all."  It is said at page 1003 in 2 Cyc., that, "It is an elementary and well settled rule that joint assignments of error must be good as to all who join therein or they will not be available as to any of them.  If the assignment of error is not good as to one, it will be overruled as to all.  This doctrine has been applied in a host of decisions and under widely varying circumstances."  Many cases showing when, how and under what circumstances the question has arisen are cited in support of the text, among which are the following:  Davis v. Williams, 121 Ala., 542 (25 So., 704); Brachtendorf v. Kehm, 72 Ill. App., 228; Advance Mfg. Co. v. Auch, 25 Ind. App., 687 (58 N. E., 1062); Sparklin v. St. James Church, 119 Ind., 535 (22 N. E., 8); Moseman v. State, 59 Neb., 629 (81 N. W., 853); Kittel v. Callahan, 19 N. Y. Suppl., 397 (46 N. Y. St., 404).  See 3 Cent. Dig., tit. "Appeal and Error," 2985, et seq.; also 2 Ency. Pl. & Pr., 933, and cases cited in the foot notes.  The rule rests upon

the principle that it would be manifestly unjust to disturb the rights of some of the parties which have been correctly determined, on the application of one whose rights are separate, distinct and severable therefrom. A party's individual rights may be preserved upon a several or upon a joint assignment of error, but if the error be jointly assigned the relief, if any, is also joint, and if each party joining in the assignment is not entitled to the relief the assignment will be overruled.

As we have seen, Hufman could not successfully predicate error upon the ruling of the court alone in sustaining the demurrer to his petition, and Greenawalt having cast in his lot with Hufman, the petition in error cannot be sustained as to both plaintiffs in error.

It follows that the judgment must be, and it is hereby, affirmed.                                    *Affirmed.*

POTTER, C. J., and BEARD, J., concur.