OWEN v. SARATOGA AND ENCAMPMENT RAIL-
WAY COMPANY.

(No. 618.)

Appeal and Error—Final Judgment—Demurrer—Dismissal.

1. An order sustaining a demurrer to one of the causes of action
in a petition cannot be reviewed on error, where final judg-
ment was not entered upon the order sustaining the demur-
rer or upon the cause of action demurred to.

[Decided November 6, 1911.]                    (118 Pac. 652.)

Error to the District Court, Carbon County; Hon.
David H. Craig, Judge.

H. C. Brome and McMicken & Blydenburgh, for plaintiff
in error.

Richardson & Hawkins, for defendant in error.

Beard, Chief Justice.

The plaintiff in error, Henry E. Owen, instituted this
action against the defendant in error, the Saratoga & En-
campment Railway Company, in the district court of Car-
bon county. The petition set up three causes of action in
separate counts. The defendant demurred to the first
count, and the demurrer was sustained by the court, to
which ruling plaintiff excepted. The cause proceeded to
trial and judgment on the second and third counts, but no
further order or judgment was made or entered as to the
first count. It is solely upon the ruling of the court sus-
taining the demurrer that the cause is brought to this court.
Counsel for defendant, in their brief, call the attention of
the court to the fact that the record fails to show any
final judgment as to the first count from which error could
be prosecuted in this court; and asks that the proceedings
in error be dismissed. Counsel for plaintiff, at the oral
argument, very frankly conceded that if the transcript of
the record as certified to this court is complete, then, under
the statute and the decisions of this court, the proceedings

in error should be dismissed, and asked leave to file an amendment to the record showing a final judgment against plaintiff on the first count if such fact appears by the record in the district court. And by agreement of counsel in open court such leave was granted. No amendment has been filed, and we are now advised by counsel for plaintiff that none can or will be filed. The record before us shows only the ruling sustaining the demurrer but no judgment thereon. Following the rule in Turner v. Hamilton, 10 Wyo. 177, and cases therein cited, the proceedings in error will have to be dismissed.

*Dismissed.*

POTTER, J., concurs.
SCOTT, J., did not sit.