## BOCK v. NEFSY, ET AL.
### (No. 1040; Decided July 20, 1922; 207 Pac. 1008)

APPEAL AND ERROR—FINAL ORDER—WRIT OF ERROR.

1. Writs of error to reverse, vacate or modify judgments have been abolished by statute (C. S. 1920, Sec. 6392).
2. The term "writ of error" as used in Sec. 6401 C. S. 1920 refers to proceedings commenced in the Supreme Court by petition and summons in error as provided by Section 6373 C. S. 1920.
3. An order sustaining a demurrer is neither a judgment nor a final order within the meaning of Sections 6369 and 6371 C. S. 1920, and a proceeding in error will not lie therefrom.

APPEAL from District Court, Weston County, HON. JAMES H. BURGESS, Judge.

Action by Eugene A. Bock against John Nefsy and another. Judgment for defendants, and plaintiff appeals. Heard on motion to dismiss the appeal.

*C. A. Kutcher* and *Henry Frawley,* for the motion.

Judgments may be reviewed by direct appeal, Sec. 6401 C. S. 1920, or by proceedings in error, Sec. 6371 C. S. 1920. A final order is defined as an order affecting a substantial right, Sec. 6369 C. S. 1920. An order sustaining a demurrer is not a final order which may be reviewed on proceedings in error. (Menardi v. O'Malley, 3 Wyo. 327, 23 Pac. 68; Turner v. Hamilton, 10 Wyo. 177, 67 Pac. 1117; Greenawalt v. Imp. Co., 16 Wyo. 226, 92 Pac. 1008.)

No brief was filed for appellant.

KIMBALL, Justice.

This case is here by direct appeal and the respondent moves to dismiss the appeal because there is no judgment or final order to support it.

The record discloses that a demurrer to plaintiff's amended petition was sustained, but no judgment was entered.

The plaintiff undertook to appeal to this court from the order sustaining the demurrer.

By section 6401, Wyo. C. S. 1920, the first section of the direct appeal statute, it is provided that:

"No writ of error shall be necessary to present for review in the supreme court any judgment or order heretofore removable thereto by such writ of error, but any such judgment or order may be therein reviewed by direct appeal, and the words 'writ of error,' where used in the laws of this state, shall be held to mean and include 'appeal.' "

Writs of error to reverse, vacate or modify judgments or final orders in civil cases have been unknown in our practice for many years (§ 6392, Wyo. C. S. 1920), and to give effect to the language of the foregoing section it is understood that the legislature in using the term "writ of error" intended to refer to that proceeding which is commenced here by the filing of a petition in error and the issuance and service of a summons thereon. (§ 6373, Wyo. C. S. 1920.) It is clear that it was intended by the direct appeal statute to provide another method for bringing to this court for review the same class of cases which theretofore could be brought here by such proceedings in error. It has been decided several times that an order sustaining a demurrer is neither a judgment nor a final order within the meaning of sections 6369 and 6371, and that a proceeding in error will not lie therefrom. (Menardi v. O'Malley, 3 Wyo. 327, 23 Pac. 68; Turner v. Hamilton, 10 Wyo. 177, 67 Pac. 1117; Greenawalt v. Imp. Co., 16 Wyo. 226, 92 Pac. 1008; Owen v. S. & E. Ry. Co., 19 Wyo. 409, 118 Pac. 652.)

It follows that an appeal cannot be taken from such an order.

*The appeal is dismissed.*

BLUME, J., concurs. POTTER, Ch. J., being ill, did not sit.