## LAWER AUTO SUPPLY CO. v. TETON AUTO CO.
(No. 1763; Nov. 21, 1932; 16 Pac. (2d) 38)

See also 43 Wyo. 349, 5 Pac. (2d) 306.

The cause was submitted for the plaintiff in error on the brief of *O. N. Gibson* and *Donald Spiker,* of Riverton, Wyoming.

The cause was submitted for the defendant in error on the brief of *G. H. Paul,* of Riverton, Wyoming.

RINER, Justice.

These proceedings in error were instituted by the Lawer Auto Supply, a Wyoming corporation, to review the action of the District Court of Fremont County in sustaining a general demurrer filed by the Teton Auto Company to the amended petition of the corporation first mentioned. This ruling is the only error relied on by plaintiff in error. That portion of the journal entry showing the action of the court concerning the matter reads as follows:

"THEREUPON, the defendant presented to the Court its demurrer, which is alleged in the cross-petition, that the petition does not state facts sufficient to constitute a cause of action, and after argument of counsel, and the Court being fully advised in the premises, the Court sustained the demurrer, to which the plaintiff duly excepted.

"And it appearing to the Court that no further proceedings are asked by the parties plaintiff and defendant:

"IT IS ORDERED, ADJUDGED, AND DECREED BY THE COURT, That the defendant have judgment for its costs herein, taxed at $2.70, to all of which the plaintiff, by its counsel at the time duly excepted."

It has been repeatedly held by this court that an order sustaining a demurrer is not such a judgment or final order as may be reviewed by a writ of error or by appeal. Menardi v. O'Malley, 3 Wyo. 327, 23 Pac. 68; Turner v. Hamilton, 10 Wyo. 177, 67 Pac. 1117; Greenawalt v. Imp. Co., 16 Wyo. 226, 92 Pac. 1008; Owen v. S. & E. Ry. Co., 19 Wyo. 409, 118 Pac. 652; Bock v. Nefsy, 29 Wyo. 33, 207 Pac. 1008.

In the case of the Chicago Portrait Co. v. The Chicago Crayon Co., 217 Ill. 200, 75 N. E. 473, as stated in the opinion:

"Appellant was plaintiff and appellee was defendant in this suit in the Circuit Court of Cook county. That court sustained the general demurrer of the defendant to the declaration and the plaintiff elected to stand by the declaration. The recital of said facts in the record is followed by this judgment: 'Therefore it is considered by the court that the defendant do have and recover of and from the plaintiff its costs and charges in this behalf expended and have execution therefor.' There was no disposition of the rights of the parties or of the suit, but plaintiff prayed an appeal from said judgment to the Appellate Court for the First District and assigned for error that the court sustained the demurrer and dismissed the suit."

Concerning this situation, holding that the appeal should be dismissed, the Supreme Court of Illinois said:

"The judgment was not final and the statute only authorizes appeals from final judgments. The Circuit Court merely sustained a demurrer to the declaration, and neither adjudged that the plaintiff take nothing by the writ or that the defendant go hence without day, and the judgment contained no words of equivalent meaning. There was no trial of any issue resulting in a finding for the defendant, as there was no issue to be tried and there was nothing in the nature of a determination of the rights of the parties. Such a judgment is not final. (Wenom v. Fossick, 213 Ill. 70, 72 N. E. 732; 11 Ency. of Pl. & Pr. 925.)"

See also, Warren v. McKenzie, 23 Oh. St. 626; Hart v. Murray, 2 Oh. Cir. Ct. 431, 2 Oh. Cir. Dec. 243; Bower v. The Virginian Ry. Co., 68 W. Va. 629, 70 S. E. 369, 3 C. J. 536 and extended list of cases cited in note 30.

This court is without jurisdiction to consider the record in its present condition and the proceedings in error must be dismissed.

*Dismissed.*

KIMBALL, C. J., and BLUME, J., concur.