Harold J. CONINE, Appellant (One of Defendants below),

and

Taylor Pontiac Buick, Inc., and Wilbert Fritchel, (Defendants),

v.

Lenore I. BROWN, Appellee (Plaintiff below).

No. 3120.

Supreme Court of Wyoming.

May 4, 1962.

Walter C. Urbigkit, Jr., Cheyenne, in support of motion.

Ferrall, Bloomfield, Osborn & Lynch, Cheyenne, in opposition to motion.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

PER CURIAM.

Appellant, Harold J. Conine, has undertaken to appeal from an order sustaining a motion to strike one of two defenses interposed in a cause of action now pending in the District Court of Laramie County. Appellee, Lenore I. Brown, has moved to dismiss such appeal for the reason that the order is not a final order as defined by Rule 72(a), Wyoming Rules of Civil Procedure.

The definition of a final order as now contained in Rule 72(a) was taken from § 3-5301, W.C.S., 1945. It has been a part of our civil code at least since 1886. During that time and prior to the adoption of our present rules of procedure, this court repeatedly held that an order sustaining a demurrer to a petition in an action is not a judgment or final order upon which an appeal can be based. Cooley v. Frank, 68 Wyo. 436, 235 P.2d 446, 449; Lawer Auto Supply Co. v. Teton Auto Co., 45 Wyo. 119, 16 P.2d 38; Bock v. Nefsy, 29 Wyo. 33, 207 P. 1008; Hahn v. Citizens' State Bank, 25 Wyo. 467, 171 P. 889, 893, 172 P. 705; Greenawalt v. Natrona Improvement Co., 16 Wyo. 226, 92 P. 1008, 1009; Turner v. Hamilton, 10 Wyo. 177, 67 P. 1117; Menardi v. Omalley, 3 Wyo. 327, 23 P. 68.

Rule 7(c), Wyoming Rules of Civil Procedure, abolishes demurrers. However, Rule 12(f), Wyoming Rules of Civil Procedure, authorizes the court to strike from any pleading any insufficient defense. We have no doubt that the order of the district court striking one of the defenses, in the instant case, is equivalent to an order sustaining a demurrer to such defense under the procedure applicable prior to our present rules. We therefore have no hesitancy in saying that the order here in question is not any more of a final order under existing procedures than an order sustaining a demurrer was under former procedures.

In this jurisdiction, we do not have a code provision or rule which permits an appeal from an order striking out matter pleaded as a defense, and we do not care to change our position from the long-established rule that an appeal does not lie from an order which is in effect an order sustaining a demurrer. To do so would unnecessarily open the door to a duplicity of appeals and to burdensome delays for litigants.

Appeal dismissed.