Leo WEISS, Appellant, (Defendant below),

**v.**

STATE of Wyoming on the relation of Harry LEIMBACK, County and Prosecuting Attorney, Natrona County, Wyoming, Appellee, (Plaintiff below).

No. 3616.

Supreme Court of Wyoming.

Dec. 12, 1967.

Raymond B. Whitaker, Casper, for appellant.

Jack D. Emery, City Atty., G. Joseph Cardine, County Atty., Casper, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Leo Weiss, defendant, has appealed from a permanent injunction entered by the district court of Natrona County. The injunction purports to abate a public nuisance and to restrain Weiss from conducting, maintaining or permitting any of those nuisances described in § 6–247, W.S.1957, on certain real property. Apparently the court meant to cite to § 6–247, W.S.1957 (1965 Cum.Supp.).

On October 21, 1966 the county attorney of Natrona County filed a petition alleging Weiss' real property had been used and occupied for prostitution and the illegal sale of intoxicating liquor. The petition was made in the name of the state on the relation of the county attorney. It asked that the nuisance be enjoined and abated as provided in Ch. 66, S.L. of Wyoming 1963.

No summons was issued or served; no criminal complaint was made; and no arrest or warrant for arrest took place. Instead, on the day the petition was filed Weiss was served with an order to appear October 28, 1966 and show cause why a "perpetual injunction" should not be issued against him and his property. That allowed seven days for appearance.

Counsel for plaintiff-appellee makes it clear in his brief and argument that he considers the action against Weiss a civil action because ch. 66, § 2, S.L. of Wyoming 1963, authorizes maintenance of "an action in equity" for abatement of the kind of nuisance alleged. Counsel for Weiss argues the action is criminal; that criminal procedures should have been followed; and that defendant should have been afforded those constitutional guarantees relating to criminal prosecutions, including a trial by jury.

We need not decide which is correct because the county attorney followed neither the rules of civil procedure nor any statutory procedure nor any criminal procedure. If the county attorney does indeed consider the action a civil action, he should have caused a summons to be issued and served allowing defendant 20 days for his answer.

According to Rule 3, W.R.C.P., a civil action is commenced when a complaint is filed—if service is made on the defendant in 60 days. If service is not made within 60 days, the action shall be deemed commenced when service is made. In the absence of service, we would have to say no action has been commenced in this instance.

Requisites of a summons are set out in Rule 4(b), W.R.C.P. They include the time within which defendant is required to appear and defend, and a notification that in case of defendant's failure to appear and defend judgment will be rendered against him for the relief demanded in the complaint. Weiss has not yet been notified that judgment will be rendered against him for the relief demanded in the complaint, if he fails to appear and defend. As to the time he should have been notified to appear and defend, Rule 12(a), W.R.C.P., fixes that at 20 days after the service of summons and complaint upon him.

According to Rule 81, W.R.C.P., statutory provisions do not apply when inconsistent with the rules of civil procedure; but any rule shall not apply if it is clearly inapplicable in a special statutory proceeding. Also, if the statute which creates a special proceeding provides the form, content, time or manner of service or filing of any pleading, writ, notice or process, either the statute or the rules may be followed.

We find no provision in Ch. 66 which prescribes a form of process or a time for

answer in connection with the initiation of the action which is authorized. Therefore, if the action is deemed a civil action, the rules of civil procedure would be clearly applicable with respect to the service of summons and complaint and time for the defendant's answer.

This brings us to Rule 12(b), W.R.C.P. It specifies that certain defenses may be made by motion. Included in the list of such defenses are lack of jurisdiction over the person and insufficiency of process. Here, Weiss made such a motion. In the motion he asked for an order quashing, cancelling and setting aside the order to show cause.

Sufficiency of process (of the order to show cause) was challenged in Weiss' motion on two grounds: That the order to show cause had been obtained on oral motion of Jack D. Emery as attorney for the City of Casper, not a party to the suit; and that the action is criminal in nature which would mean defendant should have a trial by jury, or in the alternative, if civil in nature, defendant should be entitled to discovery proceedings and 20 days for answer and should be given all constitutional and statutory protection for either a civil or criminal case.

Thus, objection to process without 20 days for answer was raised at the first opportunity by the defendant. We have searched the record carefully and thoroughly to see whether it discloses any waiver on the part of defendant of his defense of insufficiency of process. We find none. We especially take notice of the fact that the court never at any time made an order fixing a time for the defendant's answer. Instead, it undertook to hear and determine the case without a settlement of the issues either by pleading or pretrial conference. There was no answer because defendant was never notified of a time for answer.

Apparently no hearing was afforded the defendant on October 28, 1966, when defendant was ordered to appear and show cause. No continuance or further notice is shown in the record, but proceedings were had November 1, 1966. At that time defendant's attorney argued his motion asking for an order quashing, cancelling and setting aside the order to show cause. The motion was overruled and the court proceeded to hear evidence offered on behalf of the complainant. Weiss' attorney elected not to offer evidence.

As soon as plaintiff rested and before a ruling was made, Weiss' attorney renewed his motion for dismissal. He reasoned with the court at length about the matter and said, among many other things on the subject, "if this is an equitable case and tried as a civil action, we must have at least 20 days."

Counsel continued by arguing it was premature to consider a permanent injunction because there had been no notice allowing proper time for answer, and yet he said nothing else was before the court. Nothing else was before the court because the order to show cause commanded defendant to appear and show cause why a "perpetual injunction" should not be issued. Nothing was said therein concerning a temporary injunction. It is of interest to note from the record that plaintiff's attorney agreed with Weiss' attorney that the matter of a temporary injunction was not being presented and that what plaintiff was asking for at the time of hearing was a permanent injunction.

Ch. 66, § 2, S.L. of Wyoming 1963, states three days' notice shall be given defendant of the application for a temporary writ of injunction without bond. Although the original petition of the county attorney asked both for a temporary and permanent injunction, we fail to see how a temporary writ could be issued without at least three days' notice of application and time of hearing on the application for a temporary writ. The filing of the original petition could not take the place of application and notice for a temporary writ.

Apparently confusion has arisen because counsel who has acted for plaintiff interprets § 2 of the act as requiring three days' notice for initiation of "an action in equity." However, the provision for three days' notice clearly applies to an "application" for a temporary injunction. It follows immedi-

ately after the sentence having to do with a temporary writ of injunction and reads:

> "Three days' notice in writing shall be given the defendant of the application, and if then continued at his instance, the writ as prayed shall be granted as a matter of course."

It would be unreasonable to believe the legislature would mean a permanent injunction should be granted as a matter of course if there was a continuance at the instance of defendant. That, of course, would be the result if we were to interpret the three days' notice provision as applying to the "application" for a permanent injunction and not to the "application" for a temporary injunction which is provided for immediately before the term "Three days' notice" is used.

Following the hearing on November 1, 1966, the court entered a temporary injunction, finding that the perpetual injunction sought by plaintiff in the order to show cause should be denied and that a temporary injunction should issue. This was done despite the fact that counsel on both sides argued and insisted that the matter of a temporary injunction was not before the court.

■ The writ for a temporary injunction was improper not only because defendant had not been given the three days' notice of application for such a writ, as required in § 2, but also because it purported only to enjoin defendant from maintaining or permitting "any of those nuisances described in Section 6–247, Wyoming Statutes of 1957." Rule 65(d), W.R.C.P., states that every order granting an injunction must be specific in its terms; and must describe in reasonable details, and not by reference to the complaint or other document, the act or acts sought to be restrained.

Under code practice in this state, prior to our rules of civil procedure, it was a rule of this court that an order overruling or sustaining a demurrer was not an appealable order. Thus, if a litigant wished to stand on his pleading or overruled demurrer, it was the practice for him to elect to do so and have a final judgment entered against

him in order that he might appeal from the judgment. See Conine v. Brown, Wyo., 370 P.2d 1020, and cases cited therein. See also Cook v. Stewart McKee & Co., 68 Cal.App. 2d 758, 157 P.2d 868, 871; and Hubbard v. Board of Trustees of the Police Pension, Okl., 322 P.2d 207, 208.

It would seem, what defendant-Weiss did in this case amounts to the same thing. His written motion raising the insufficiency of process was overruled from the bench and the court proceeded immediately to hear plaintiff's evidence. Defendant elected not to offer evidence and immediately renewed his motion orally, asking for a dismissal and claiming the process was not proper. His oral motion was denied. Counsel for defendant thereafter entered into a stipulation with opposing counsel. The stipulation notified the court neither side wished to enter additional evidence and recited that the court may "enter its final order." The court then entered a permanent injunction and defendant immediately appealed from it.

■■ We find nothing in the stipulation or other actions of the defendant which would amount to a waiver of defendant's defense pertaining to insufficiency of process. In fact, defendant insisted at every stage of the proceedings that the order to show cause was not proper process. Also, we must hold there are no issues to be decided by a court as far as final disposition of a case is concerned, unless and until defendant has either answered or been notified that he is to answer plaintiff's complaint by a certain time and that judgment by default will be rendered against him if he fails to answer.

We have no alternative but to remand this case with instructions that all proceedings be cancelled and held for naught, except for the filing of plaintiff's petition. This will permit further proceedings not inconsistent with this opinion.

Reversed and remanded with the instructions indicated.

PARKER, J., dissenting.